## Delaware Valley Industrial Supply and Tool Company v. Rooney

*H. Ronald Klasko*, for plaintiff.
*Leo H. Loffeh*, for defendants.

PRATTIS, *J.*, November 14, 1977—On August 31, 1977, defendant, Albert Santarone, filed a petition to open a default judgment, and Judge Gelfand granted a rule upon plaintiff to show cause why the petition should not be granted. An answer to defendant's petition was subsequently filed.

The following are the facts relative to this matter.

Plaintiff, Delaware Valley Industrial Supply and Tool Company, filed a complaint in assumpsit on

June 24, 1977, to recover for goods sold to defendant. The complaint was served upon defendant, Albert Santarone, on June 28, 1977. On July 26, 1977, a default judgment was entered against defendant for failure to answer the complaint within 20 days.

In the petition to open judgment defendant contends that his failure to file an answer was unintentional and excusable in that:

1) He was stricken with a virus and confined to the bed for most of the 20-day period; and

2) The complaint sets forth a claim for compensation for goods furnished approximately six years ago to a now defunct business. Thus the claim is barred by the statute of limitations.

A deposition of defendant, Albert Santarone, was taken on October 24, 1977. In that deposition, while under oath, defendant reaffirmed the above-mentioned facts as the reasons for his failure to file an answer to plaintiff's complaint.

In Alexander v. Jesray Construction Co., 237 Pa. Superior Ct. 99, 346 A. 2d 566 (1975), and Hersch v. Clapper, 232 Pa. Superior Ct. 550, 335 A. 2d 738 (1975), it was held that a default judgment should be opened where petitioner satisfies the following three requirements: (1) The petition to open must be promptly filed; (2) The petition must offer a reasonable explanation for the failure to file an answer to the complaint; and (3) The petition must set forth a meritorious defense.

The default judgment was entered against defendant on July 26, 1977. Defendant received notification thereof several days later. Defendant's petition to open judgment was filed within 20 days of the notification.

In addition, defendant, Albert Santarone, under oath, stated that during most of the 20 days given for his answer, he was confined to bed with a virus. Upon recovering he did make an attempt to procure the records relating to the transaction in question. However, he was unable to do so since the claim was for goods allegedly furnished six years ago to a now defunct business.

Finally, defendant asserts the arguably meritorious defense of statute of limitations. The proposed answer indicates that the transactions in question involve the sale of goods and supplies which occurred in 1971 and 1972. Thus, recovery on these transactions might be barred by the 4-year statute of limitations set forth in the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §2-725.

This court concludes that defendant has satisfied the three requirements to open a default judgment. Accordingly, defendant's petition to open judgment is granted.

### ORDER

And now, November 14, 1977, upon consideration of defendant Albert Santarone's petition to open default judgment, it is hereby ordered, decreed and adjudged that defendant's petition is granted.