Dwyer et al., Appellants, *v.* Hunsberger.

Argued March 27, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Edward J. O'Halloran,* with him *O'Halloran, Stack & Smith,* for appellants.

*John R. Warner,* with him *Marshall, Dennehey & Warner,* for appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

Appellant contends the lower court erred in opening a default judgment where the default was not reasonably explained or excused.

The pertinent facts are as follows: On September 23, 1966, plaintiff-appellant was seriously injured when she was struck by defendant's motor vehicle as she was

crossing an intersection. A letter of representation was forwarded by plaintiff's counsel to the defendant at his home address.[1] On March 3, 1967, plaintiff filed a Complaint in Trespass, which was personally served upon the defendant on March 27, 1967. At his deposition, defendant testified that he personally delivered the Complaint to William D. Harkins, Esquire, his personal attorney. Having received neither an entry of appearance nor an Answer for a year and nine months, plaintiff entered a judgment by default. Notice of said judgment was sent to the defendant the same day (December 6, 1968), which at a deposition defendant acknowledged receiving and forwarding to Mr. Harkins. Likewise, the defendant acknowledged reception of a Notice of Hearing on the assessment of damages which he forwarded to Mr. Harkins. A hearing was held on March 14, 1969, at which defendant was represented by John R. Warner, Esquire. Damages were assessed at $30,-000.00. Twelve days after the assessment hearing, defendant petitioned the lower court to open judgment. The Petition outlined the above facts and offered as "excuse" only that defendant believed that Mr. Harkins, his attorney, was handling the case. The Honorable Ned L. HIRSH, Judge of the Court of Common Pleas of Philadelphia County entered an Order, on December 7, 1973, granting defendant's Petition to Open Judgment, and this appeal followed.

A petition to open a judgment in a trespass action is an appeal to the Court's discretion and may be properly exercised if: (1) the petition is promptly filed; and, (2) the default is reasonably explained or excused. *Zellman v. Fickenscher*, 452 Pa. 596, 307 A. 2d 837 (1973); *King v. Fayette Aviation*, 226 Pa. Superior Ct. 588, 323 A. 2d 286 (1974).

---

[1] While defendant denied reception of this letter, a copy was found in the file of his attorney, William D. Harkins, Esquire.

In reversing the lower court's order opening judgment, the Pennsylvania Supreme Court stated in the leading case of *Pappas v. Stefan,* 451 Pa. 354, 358, 304 A. 2d 143 (1973) : "Nor can we construe these facts as corroborative of the court's conclusion that the appellee 'acted promptly' in filing his petition to open. Default judgment was taken November 9, 1971. By appellee's own admission, notice of the default judgment was brought home to appellee about one week later. The petition to open was not filed until January 13, 1972 . . . . Here counsel for the appellee waited approximately fifty-five days from the date of notice to file his petition to open. No satisfactory explanation is offered for this eight-week delay. The finding of the court below that counsel acted promptly in filing his petition to open is unsupported by the evidence."

In the instant case, notice of the default judgment was sent to the defendant who forwarded it to his attorney on December 6, 1968. Appellee's petition to open was not filed until March 26, 1969, more than three months after judgment was taken. No explanation is given for the failure to prosecute the original action, nor is there a reasonable explanation for his delay in filing his petition to open. It has been held that a party's reliance on counsel, and the simultaneous failure of counsel to act affirmatively to oppose default, are not sufficient reasons for opening judgment. See, *Pappas, supra; Triolo v. Philadelphia Coca Cola Bottling Co.,* 440 Pa. 164, 270 A. 2d 620 (1970) ; *King,* supra.

The order of the court is reversed, and the judgment is reinstated in favor of the plaintiff below in the amount of $30,000.00.

PRICE, J., dissents.