## Schutte v. Valley Bargain Center, Inc.

*Oran W. Panner,* for plaintiffs.
*Thomas A. Lazaroff,* for defendant.

KLEIN, *J.,* January 30, 1976

### I. HISTORY

The facts of this case are confusing at best. On June 28, 1972, plaintiff alleges that he sustained personal injuries when he fell on or near the business premises of defendant. On February 21, 1973, a letter was sent to Mr. Stiglich (president of defendant company) by plaintiff's counsel, informing him of this event. Mr. Stiglich (hereafter referred to as "defendant") gave this letter to his landlord,

Mrs. Kolumban. She, in turn, forwarded it to her insurance agent, Mr. Kerr, who assigned it to an adjuster, Mr. Goda. On June 12, 1974, Mr. Stiglich was served with a complaint. He gave the complaint to his landlord's son, and his landlord received it on June 15 or 16, 1974. She again sent it to her insurance agent. On June 20, 1974, the insurance adjuster attempted to return the suit papers to an employe of defendant. When acceptance was refused, he mailed them back with an accompanying letter. On July 8, 1974, Reliance Insurance Company, defendant's insurer, received plaintiff's complaint from the Harris-Lawrence Agency, an agent for Reliance. Assuming that they already had a file on this matter, they unsuccessfully tried to find it. From July 8-26, 1974, the complaint was in the hands of a mail clerk. On July 26, 1974, Reliance received notice of the default judgment entered on July 17, 1974. Counsel was obtained on August 14, 1974, and a petition to show cause why the default judgment should not be opened was filed on September 11, 1974.

## II. OPENING DEFAULT JUDGMENT

In order to open a default judgment, a petition must be promptly filed and the delay must be reasonably explained or excused. Unlike assumpsit actions, a meritorious defense need not be demonstrated to open the judgment if the equities are otherwise clear: Kraynick v. Hertz, 443 Pa. 105, 227 A. 2d 144 (1971); Zellman v. Fickenscher, 452 Pa. 596, 307 A. 2d 837 (1973).

From the date of service of the complaint until the petition was filed, three months elapsed. It is essential to consider what occurred during this time. To begin with, upon receipt of the complaint, defen-

dant gave it to his landlord. In view of the fact that defendant leased the premises on which the alleged accident occurred, this action should be considered reasonable. Where failure to answer is due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of defendant, a default judgment may be opened: Campbell v. Heilman Homes, Inc., 233 Pa. Superior Ct. 366, 335 A. 2d 371 (1975). It appears that defendant was confused as to his rights and duties. As the alleged accident occurred on premises which he leased, Mr. Stiglich gave the complaint to whom he considered the proper party, his landlord.

Reliance Insurance Company received the complaint on July 8, 1974. From this time, until notice of the default judgment was received on July 26, 1974, the complaint was in the hands of a mail clerk who was unsuccessfully looking for a nonexistent file. In Balk v. Ford Motor Co., 446 Pa. 137, 285 A. 2d 128 (1971), an insurance carrier, losing a customer's court papers, was held to be sufficient legal justification to open a default judgment against the insured. See Scott v. McEwing, 337 Pa. 273, 10 A. 2d 436 (1940) (default occurred through an inadvertence on the part of defendant insurance carrier); Myers v. Harrisburg Taxicab & Baggage Co., Inc., 368 Pa. 20, 82 A. 2d 14 (1951) (delay due to insurance carrier's effort to have an appearance entered by a lawyer who had been elected judge). The delay caused by the insurance company should, therefore, not be held against defendant.

Defendant's counsel was retained on August 14, 1974, and the petition to show cause was filed on September 11, 1974. It is recognized that a party's reliance on counsel, and the simultaneous failure of counsel to act affirmatively to oppose default, are

not sufficient reasons for opening a default judgment: Dwyer v. Hunsberger, 229 Pa. Superior Ct. 198, 323 A. 2d 822 (1974). However, errors which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment: Johnson v. Yellow Cab Co. of Philadelphia, 226 Pa. Superior Ct. 270, 307 A. 2d 423 (1973).

In the instant case, neither of the above occurred. The petition was filed less than one month after counsel was retained. In Silverman v. Polis, 230 Pa. Superior Ct. 366, 326 A. 2d 452 (1974), a default judgment was entered on December 19, 1972, and the petition was filed on January 16, 1973. This was considered prompt filing. While this case may be distinguished because in the instant case three months elapsed, the attorney here had no notice until August 14, 1974, and filed his petition on September 11, 1974. In Silverman, the complaint was filed on May 26, 1971, and the default judgment was taken December 19, 1972. In Johnson, supra, the complaint was filed in September 1971 and a default judgment was taken November 30, 1971. In both cases, more time elapsed between the filling of the complaint and the default judgment than the three-month period in the instant case. In these cases, defendants had counsel when the default judgments were taken. The time to be considered, in deciding whether there was prompt filing should be when defendant's counsel has notice, here, August 14, 1974, and the filing should be considered prompt.

There are other equities in this case which should be mentioned. Although in a trespass suit, a meritorious defense need not exist to open a default

judgment, defendant does allege one here. He denies possession of the premises and control of the instrumentality. If this be true, defendant would suffer a grave injustice if not permitted to open the default judgment. As stated in Pa. R. C. P. 126:

"The rules shall be liberally construed to secure the *just,* speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect which does not affect the substantial rights of the parties."

Plaintiff, in his complaint, alleges $13,000 in lost wages, and is claiming damages in excess of $10,-000. In Scott v. McEwing, supra, the court said that to deprive defendant of a jury trial where the claim is for $20,000 would constitute a gross miscarriage of justice (the case involved the opening of a default judgment). Such injustice would surely result here.

## III. CONCLUSION

In view of the foregoing reasons, default judgment should be opened.

## ORDER

And now, January 30, 1976, it is ordered, adjudged and decreed that the rule upon plaintiff to show cause why the judgment by default entered against defendant should not be opened to let defendant assert its defense be, and it is hereby, made absolute. Defendant is required to file its answer to plaintiffs' complaint within 20 days hereof.