393 A.2d 873

**GOVERNMENT EMPLOYEES FINANCIAL CORPORATION, Appellant,**

v.

**Patricia R. WALKER.**

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided Oct. 20, 1978.

Paul Breen, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia County, Trial Division, and involves the appellant's appeal from the order of the court below allowing the appellee-defendant's petition to open judgment rendered against her.

Plaintiff-appellant initiated a complaint in assumpsit against the defendant claiming the sum of $1598.86. The basis for the suit was an alleged loan which the defendant had made from the plaintiff. The complaint was served upon the defendant on April 24, 1975. On June 2, 1975, six weeks after service, the plaintiff entered a default judgment against the defendant for failure to answer the complaint or to file any other responsive pleading to it. On November 29, 1977 the defendant filed a petition to open the judgment and on March 14, 1977 after a hearing on said petition the court below granted the defendant's petition to open the default judgment citing in its opinion that "defendant was beset by a myriad of medical, marital and employment problems, adequately explaining the default on her part and the ensuing delay". Plaintiff now appeals from that order.

During the hearing on the petition to open, the defendant testified that she was served with the complaint at work, that she did not understand what it was, and that she then returned the complaint to the one who had sent it to her (plaintiff's attorney). She also testified that she had been sued in divorce by her husband in June, 1975 and had suffered serious leg injuries in July, 1975. She was in South Carolina from July, 1975 until November, 1975 when she returned to Philadelphia. In June, 1975, after she received notice of the default judgment, the defendant contacted an attorney who had previously represented her in another, unrelated matter. He explained what a judgment was but declined to represent her because he was then sharing office space with the plaintiff's attorney and recognized the possibility of conflict of interest arising. The defendant then took no further action until July, 1976 when she was served with a subpoena to appear in plaintiff's attorney's office for

the purpose of having her deposition taken in aid of execution. Her attorney requested a continuance of the deposition which was granted postponing the deposition from August 10, 1976 to September 23, 1976. On November 1, 1976 the defendant was served with a Writ of Execution and levy made upon her personal property. The defendant then filed the petition to open judgment on November 29, 1976. At all times the defendant claimed that she had never borrowed money from the plaintiff and that the signature on the loan documents was a forgery.

It was also adduced at the hearing that plaintiff's attorney had written several letters to the defendant prior to initiating the suit which letters demanded payment of the loan. The defendant had sent letters back to the plaintiff stating that she was not the person who had taken the loan and informing the plaintiff to begin suit if it felt that she had taken the loan. The defendant also admitted that she was a college graduate, was employed by the City of Philadelphia as a Relocation Specialist, and that she knew what a plaintiff was and what a defendant was at the time she received the complaint. She also admitted on cross-examination that she had been sued for divorce in 1970 and not in 1975 as she originally had stated. The defendant stated that the reason she had not sought counsel earlier was because she didn't want to look through the phone book for the name of one and was waiting for some friend to refer an attorney to her.

■■ In order to be granted a petition to open judgment in an assumpsit suit: (1) must be promptly filed; (2) must show an adequate excuse as to why a timely answer was not filed; and (3) must show a meritorious defense. A petition to open is an appeal to the equitable powers of the court and the court will be reversed only for an abuse of discretion. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973).

■ In the instant case the court below abused its discretion in opening the judgment. Paragraph two of the de-

fendant's petition alleges a meritorious defense to the action, namely, that the defendant never signed a promissory note to the plaintiff nor ever borrowed money from the plaintiff. However, the other two elements have not been established by the defendant. The delay of eighteen months from the time judgment was entered until the time the petition to open was filed has not been adequately explained by the defendant. Even assuming that the period from July, 1975 to November, 1975 provides the defendant with an excuse for not filing the petition during that time because of her leg injuries this does not provide an excuse for the period of twelve months from November, 1975 until November, 1976 when the petition to open was finally filed. Also, the defendant has not set forth an adequate excuse for not filing a responsive pleading to the complaint. The defendant is a college graduate, understands the English language, had been sued previously, and admitted she knew what a plaintiff was and what a defendant was when she was served with the complaint. In addition, she had been contacted several times by the plaintiff via both phone and correspondence relative to this claim and had refused to discuss the matter stating that plaintiff should sue her if it thought she was the person who had taken the loan. Therefore, she had every reason to expect the complaint and her bald allegation that she didn't understand the nature of it flies in the face of the facts. If we were to hold this to be an adequate excuse for failing to answer the complaint then all anyone who is served would have to do to open a default judgment is allege that he or she didn't comprehend what the complaint was and this would provide them with an excuse for not seeking counsel or responding to the complaint. Such a holding would nullify the rule which provides for the twenty-day period to respond to a complaint. *Pennsylvania Rule of Civil Procedure 1026.* This we will not do.

There are a myriad of cases involving the opening and striking of judgments and each such petition must stand on its own peculiar facts. The law is clear that the petition must be promptly filed; the default must reasonably be

explained or excused; and a meritorious defense must be shown to exist. *Sprouse v. V.F.W. Post 7155,* 237 Pa.Super. 419, 421, 352 A.2d 134 (1975).

Here the failure to respond to the complaint with a very questionable excuse and the long delay in filing the petition fly in the face of the requirements of the law and the court below abused its discretion in opening the judgment.

Order reversed.

HOFFMAN, J., did not participate in the consideration or decision of this case.