419 A.2d 688

**RAYMOND J. BRUSCO FUNERAL HOME**

v.

**Jean SICILIA and Dominick Sicilia and Nancy Sicilia, his wife.**

**Appeal of Dominick and Nancy SICILIA, his wife.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Filed April 18, 1980.

Samuel Avins, Pittsburgh, for appellants.

Howard R. Singer, Pittsburgh, for appellee.

Before CERCONE, President Judge, and WIEAND and LIPEZ, JJ.*

CERCONE, President Judge:

This is an appeal from an order of the Court of Common Pleas of Allegheny County refusing to open a default judg-

* Judge DONALD E. WIEAND is sitting by special designation.

ment in an assumpsit case. For the reasons set forth herein, we reverse.

On August 9, 1976, plaintiff–appellee, Raymond J. Brusco Funeral Home, by its attorney, Howard R. Singer, filed a complaint in compulsory arbitration [1] against Jean Sicilia, and Dominick and Nancy Sicilia, husband and wife. The complaint alleged that the three defendants owed plaintiff $1,590.76 for funeral services rendered on March 22, 1976. It was further averred that Dominick and Nancy Sicilia owed an additional $449.75 for services performed on June 22, 1972. The complaint was served upon the defendants on August 16, 1976. A default judgment was entered against the defendants on September 8, 1976 for their failure to file a "Notice of Intention to Appear." On July 6, 1977, defendants [2] Dominick and Nancy Sicilia by their attorney, Samuel Avins, filed a petition to vacate the judgment, or in the alternative, to open the judgment so that they could defend on the merits. Shortly thereafter, depositions in support of the petition were taken. On November 10, 1977, after entertaining arguments, the lower court, in a short per curiam order, denied the petition on the grounds that it had not been promptly filed. This appeal followed.

As we have all too frequently had occasion to observe: "It is fundamental that a petition to open a default judgment is an appeal to the court's equitable powers and, absent a clear abuse of discretion, the court's decision will not be disturbed. Moreover, it is equally well–settled that in an assumpsit action a petition to open should not be granted unless three conditions coalesce: (1) the petition has been promptly filed; (2) the default is reasonably explained; and (3) a meritorious defense is shown." *Ecumenical Enterprises, Inc. v. NADCO Construction, Inc.*, 253 Pa.Super. 386, 390–91, 385 A.2d 392, 394–5 (1978) (citations omitted).

1. Act of June 16, 1836, P.L. 715, § 8.1, added January 14, 1952, P.L. (1951) 2087, § 1, *as amended*, 5 P.S. § 30 (Supp.1978–79).

2. Jean Sicilia was not a party to the petition nor is she a party to the instant appeal.

118

Instantly, as previously noted, the lower court declined to open the judgment because of defendants' failure to satisfy the first condition, namely, a promptly filed petition to open. The lower court has not filed an opinion in support of its order and we therefore cannot be certain as to what extent the circumstances surrounding the delay were considered.[3] We are persuaded, however, that when all of the equitable circumstances present in this case are taken into consideration, it must be concluded that the lower court abused its discretion in declining to open the judgment.

The pleadings and depositions indicate that after the defendants were served with the complaint, they sent copies of their Notices of Intention to Appear (containing their answers to the complaint) by certified mail to plaintiff's attorney.[4] However, the copies which were allegedly mailed to plaintiff's counsel were the copies designated "Prothonotary" while defendants retained their copy and the copy marked "Copy to be mailed to plaintiff or attorney." In other words, assuming defendants did mail their "Notices of Intention to Appear" to plaintiff's counsel, they admittedly failed to mail a corresponding copy to the Prothonotary's Office. Thus, there was nothing on the docket to bar plaintiff from taking a default judgment on September 8, 1976. Defendants first learned of the default judgment when they appeared for the scheduled arbitration hearing on December 7, 1976. At this time they were advised that the case had been removed from the trial list because of the

3. The lower court's order merely states, "it appearing to the Court that plaintiff extended the time within which defendants could petition to open judgment and that such extension was rescinded with notice as of April 30, 1977 and that defendants' Petition to Vacate Judgment was not filed until July 6, 1977, defendants' Petition to Vacate Judgment is denied and dismissed." Thus, the delay from the end of the extension period until the petition was filed amounted to sixty–seven days. Although the lower court's decision not to file an opinion does not contravene the letter of Rule 1925 of the Rules of Appellate Procedure, it does make our task of deciding whether the court acted in abuse of its discretion immeasurably more difficult.

4. Although plaintiff's counsel denied receipt of the notice, defendants introduced a copy of a certified mail receipt dated September 7, 1976, bearing the signature of plaintiff's counsel.

default judgment. That same day, defendants retained the services of their present attorney who advised them it would require a fee of $500.00 to institute procedures to open the judgment. According to their depositions, the defendants then began saving money each month in order to pay the fee. In the meantime, negotiations between the parties' attorneys resulted in an arrangement whereby plaintiff agreed to waive the requirement that defendants proceed promptly with a petition to open so long as Jean Sicilia would make monthly payments on the judgment. On April 30, 1977 plaintiff's counsel advised that his efforts to collect from Jean Sicilia had been unsuccessful and that defendants should proceed to attempt to open the judgment. Accordingly, on July 6, 1977, a petition to vacate judgment or, in the alternative, open judgment was filed on behalf of Dominick and Nancy Sicilia.

The depositions in support of the petition established that plaintiff's claim against defendants in the amount of $1,590.76 was based upon the funeral arrangements provided for Santo Sicilia (Dominick's brother) on March 22, 1976. The claim against defendants for $449.75 was founded upon the funeral services provided by plaintiff for Dominick's mother on June 22, 1976. In both their answers and depositions, defendants contended that they never entered into any agreement with plaintiff for either funeral. Indeed, defendants maintain that Kathleen Feliso, Dominick's sister, was solely responsible for the arrangement of the funeral services provided for their mother, and that all money due plaintiff in this regard had been paid. Furthermore, defendants contend that the plaintiff's contract for the funeral of Santo Sicilia (Dominick's brother) was solely with the deceased's wife, Jean Sicilia, and that defendants were not responsible for payment of the outstanding bill.

Under the circumstances, as heretofore recited, we feel that the petition to open was promptly filed. It is undoubtedly true that in numerous cases we have found petitions that were filed in less than the time that elapsed in

the instant case to be untimely. See, e. g., *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 380 A.2d 404 (1977), (sixty–three days); *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 375 A.2d 368 (1977), (forty–seven days); *Carducci v. Albright Galleries, Inc.*, 244 Pa.Super. 48, 366 A.2d 577 (1976), (fifty–four days). However, it is equally true that we have found delays of two months or more to be timely under the circumstances. See, e. g., *Queen City Elec. Supply v. Soltis Elec. Co.*, 258 Pa.Super. 305, 392 A.2d 806 (1978), (twenty months); *Ruggiero v. Phillips*, 250 Pa.Super. 349, 378 A.2d 971 (1977), (four and one–half months); *Sprouse v. V. F. W. Post 7155*, 237 Pa.Super. 419, 352 A.2d 134 (1975), (approximately two months). In short, there is simply no "magic" number which will determine whether a petition is timely or not. Each case must rise or fall, on its own facts. *Government Employees Financial Corp. v. Walker*, 259 Pa. Super. 371, 393 A.2d 873 (1978). As we have previously stated:

> "While our court does not employ a bright line test for determining whether a petition to open judgment has been promptly filed, we will focus on two factors: (1) the length of the delay between discovery of the entry of a default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Quatrochi v. Gaiters*, 251 Pa.Super. at 122, 380 A.2d at 407.

In the instant case, defendants explain their delay of approximately two months on the ground that they needed time to raise the money for legal fees their attorney required before he would petition to open the judgment. Were not the record in this case replete with equitable considerations we would not be disposed to accept such an explanation. It is obvious that such an excuse, i. e., insufficient funds to pay attorney's fees, is subject to serious abuse by both dilatory defendants and negligent attorneys. Cf. *Government Employees Financial Corp. v. Walker*, supra. However, the record in this case does not reflect a lack of

diligence on the defendants' part. As soon as they discovered [5] that a default judgment had been snapped against them they retained an attorney. Plaintiff's counsel was immediately advised that defendants were going to institute the appropriate measures to open the judgment. At that time, plaintiff's counsel, based on his understanding that Jean Sicilia was going to pay the outstanding indebtedness in monthly installments, agreed to waive the requirement that defendants proceed immediately to attempt to open the judgment. Five months later, plaintiff's counsel informed defendants' counsel that his efforts to collect from Jean Sicilia had met with no success and, accordingly, defendants should now attempt to open the judgment. Approximately two months later the petition to open was filed. Considering the fact that one of the plaintiff's claims is grounded on an alleged agreement entered into approximately four years prior to filing the complaint; see *Sprouse v. V. F. W. Post 7155*, supra; that plaintiff was aware that defendants were vigorously disputing his claim against them and had engaged an attorney to protect their interest; that for approximately five months plaintiff's counsel explicitly waived the requirement that the petition be promptly filed; and, that there is no indication that plaintiff was prejudiced in any manner during the sixty–seven days that elapsed between the time when plaintiff's counsel rescinded his waiver and the petition was filed; cf. *Texas & B. H. Fish .Club v. Bonnell Corp.*, 388 Pa. 198, 130 A.2d 508 (1957); we find that under these circumstances defendants' petition was promptly filed.

Because the lower court concluded that the petition to open had not been promptly filed, it did not reach the

5. While plaintiff's answer to defendant's petition to open asserts that plaintiff's counsel gave the Prothonotary a letter addressed to defendants indicating that judgment had been entered against them– said letter to be mailed by the Prothonotary to defendants–the record is barren of any evidence that defendants received the letter. Certainly, defendants' attendance at the initial arbitration hearing indicates they had not received such notice.

questions of whether defendants had reasonably explained their failure to file a timely answer and whether a meritorious defense had been averred. In view of the well-developed record before us, and in the interests of judicial time and economy, we deem it appropriate to address these issues ourselves in the first instance. See *Ecumenical Enterprises, Inc. v. NADCO Construction, Inc., et al.,* supra.

■ Turning to the question of whether defendants have offered a reasonable explanation for the default judgment, we find it clear that this condition has been satisfied. As previously indicated, both defendants were deposed and testified that it was their intention from the outset to defend against plaintiff's suit on the merits. They further testified that they mistakenly mailed the *wrong* copies of their respective Notices of Intention to Appear to plaintiff's counsel, and that they were unaware of the necessity for filing another copy with the Prothonotary. That defendants, who are lay people, sincerely believed they had taken the appropriate measures to protect their interests is evidenced by the fact that they appeared at the Courthouse on the day set for their scheduled arbitration hearing. "Errors of counsel . . . or clerical errors, which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment." *Johnson v. Yellow Cab Company,* 226 Pa.Super. 270, 272, 307 A.2d 423, 424 (1973). Instantly, we are convinced that the default judgment was entered solely as a result of a mistake on defendants' part, as opposed to a deliberate decision not to defend, and that this mistake under the circumstances, constitutes a reasonable excuse for the default.

Lastly, it cannot be gainsaid that defendants have alleged a meritorious defense to plaintiff's action. Both of plaintiff's claims arise out of services performed for two of Dominick Sicilia's relatives. The defense concerning the money allegedly due for the funeral of Dominick's mother

was that his sister Kathleen had handled all the arrangements and that plaintiff advised him that everything had been paid in this regard. With respect to the amount claimed for the funeral of Dominick's brother, the defense is that plaintiff's contract was with the deceased's wife, Jean Sicilia, and neither defendant ever agreed to assume responsibility for this bill. Clearly, both defenses, if proved, are meritorious and sufficient to justify relief.

■ In summary, we are satisfied, under the circumstances of this case, that defendants have met all three conditions requisite to opening a default judgment. "In determining whether a judgment by default should be opened, we must ascertain whether there are present any equitable considerations in the factual posture of the case which require that we grant to a defendant against whom the judgment has been entered an opportunity to have his 'day in court' and to have the cause decided upon the merits. In so doing, we act as a court of conscience." *Kraynick v. Hertz*, 443 Pa. 105, 111, 277 A.2d 144, 147 (1971). Moreover, it must always be borne in mind that the rules authorizing a default judgment were not designed to provide the plaintiff with the means of securing a judgment without the difficulties which attend litigation but, rather, to prevent a dilatory defendant from impeding the plaintiff's efforts to establish a claim. *Id.* See also *Moyer v. Americana Mobile Homes, Inc.*, 224 Pa.Super. 441, 368 A.2d 802 (1976); *Ecumenical Enterprises, Inc. v. NADCO Constr. Co.*, supra. Instantly, acting as a court of conscience, we cannot hold that defendants should be barred from presenting their defense on the merits. The equities of this case compel that the judgment be opened.

Order reversed.