William Gravely, Petitioner *v.* E. J. Gaffney et al., Respondents.

Argued June 5, 1981, before Judges ROGERS, WIL-
LIAMS, JR. and PALLADINO, sitting as a panel of three.

*R. Michael Owens,* for petitioner.

*Michael W. Bolechowski,* Assistant Attorney General, with him *James R. Ingram,* Deputy Attorney General, for respondents.

OPINION BY JUDGE PALLADINO, December 10, 1981:

William Gravely (Petitioner) appeals from an order of the Administrator for Arbitration Panels for Health Care (Administrator) which granted Respondents[1] Petition to Open and Set Aside Default Judgment. We reverse and remand.

Petitioner, an inmate at the State Correctional Institute at Graterford (Graterford), filed a complaint on June 7, 1979, alleging negligence by Respondents, all of whom were members of the medical staff at Graterford, in their treatment of Claimant for an infection in his hands. The complaint was served on Respondents by certified mail on June 11, 1979. Neither Graterford nor the Commonwealth were named as parties or served with the complaint. Respondents failed to answer or enter an appearance to the complaint. Petitioner filed a Praecipe for Default Judgment with the Administrator on August 20, 1979, and a default judgment was entered against each Respondent as to the issue of liability on August 27, 1979.[2]

Upon learning of the default judgment, officials at Graterford notified legal counsel (the Pennsylvania Department of Justice) on September 12, 1979, and a Petition to Open and Set Aside Default Judgment was filed on January 17, 1980. The Administrator granted the Petition on July 11, 1980.

Petitioner claims an abuse of discretion in opening the default judgment because (1) no adequate justification was shown for failure to file a responsive pleading and (2) no sufficient reason was shown for a

---

[1] E. J. Gafney, Kemal Dincer, D. J. McMonagle, Joan Beiller, Nelson Wills, Michael Scheer and Philip Scotch.

[2] Pa. R.C.P. 237.1, which became effective on February 1, 1980, requires that a defendant be given at least ten days notice of complainant's intention to take a default judgment prior to the filing of the praecipe for entry of the default.

127 day delay in filing the petition to open the default judgment.

Action on a petition to open a default judgment is discretionary and is governed by principles of equity. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). Exercise of discretion, however, must be based on competent evidence. *Shainline v. Alberti Builders, Inc.*, 266 Pa. Superior Ct. 129, 403 A.2d 577 (1979); *Brown & Bigelow, Inc. v. Borish*, 165 Pa. Superior Ct. 308, 67 A.2d 823 (1949). The scope of review of this Court is to determine whether there is an error of law or a clear abuse of discretion. *Balk; Nevils v. Chernitsky*, 244 Pa. Superior Ct. 501, 368 A.2d 1297 (1976).

A default judgment should be opened only where (1) a satisfactory explanation is offered as to why there was a failure to act prior to the entry of judgment; (2) a meritorious defense is shown to exist (except in trespass actions)[3], and (3) the petition to open has been promptly filed. *In re Estate of McCauley*, 478 Pa. 83, 385 A.2d 1324 (1978); *Fox Chapel Sanitary Authority v. Abbott*, 34 Pa. Commonwealth Ct. 637, 384 A.2d 1012 (1978).

The Administrator based his decision to open the default judgment in part on reliance by Respondents on procedures established by Graterford officials for dealing with lawsuits by inmates against prison personnel, in which employees sued in that capacity were provided legal defense. Respondents believed that their interests were being represented as a matter of course. The Administrator found that the failure to respond to the complaint was reasonable under the circumstances and concluded that the failure to enter an appearance could be reasonably excused.

---

[3] In a trespass action petitioner is excused from establishing a meritorious defense if the equities are otherwise clear. *Day v. Wilkie Buick Company*, 239 Pa. Superior Ct. 71, 361 A.2d 823 (1976).

The reasonable belief that one is being represented by counsel and that everything has been done which is necessary to protect one's legal interest, can be sufficient to excuse a failure to enter an appearance prior to the entry of default judgment. *Sprouse v. Kline-Styer-McCann, Post No. 7155 Veterans of Foreign Wars*, 237 Pa. Superior Ct. 419, 352 A.2d 134 (1975).[4]

On the matter of timely filing of the Petition to open, there is "no 'magic' number which will determine whether a petition [to open] is timely or not. Each case must rise or fall, on its own facts." *Raymond J. Brusco Funeral Home v. Sicilia*, 277 Pa. Superior Ct. 115, 120, 419 A.2d 688, 690 (1980). The court must focus not only on the length of the delay in filing the petition to open, but also the reason for the delay. *Quatrochi v. Gaiters*, 251 Pa. Superior Ct. 115, 380 A.2d 404 (1977). Unexplained delays of as little as two and one-half weeks, *McCoy v. Public Acceptance Corporation*, 451 Pa. 495, 500, 305 A.2d 698, 700 (1973), and twenty-one days, *B.C.Y. Equipment Leasing Associates v. Bukovich*, 257 Pa. Superior Ct. 121, 126, 390 A.2d 276, 278 (1978), have been classified as "hardly prompt." Conversely, delays as long as twenty months, *Queen City Electrical Supply Co. v. Soltis Electric Co.*, 258 Pa. Superior Ct. 305, 392 A.2d 806

---

[4] The record includes affidavits of each of the Respondents attesting to the fact that they did not respond to the complaint because of their belief that the established procedure regarding lawsuits of this kind was in effect. The record also includes an affidavit by the Record Officer at Graterford outlining the procedure established for handling complaints and attesting to his ignorance of the instant action until after the entry of the default judgment. All seven of the Respondents reacted to the complaint in an identical manner. Respondents apparently believed they were being adequately represented. *See Sprouse v. Kline-Styer-McCann, Post 7155 Veterans of Foreign Wars*, 237 Pa. Superior Ct. 419, 352 A.2d 134 (1975).

(1978), *aff'd* 491 Pa. 354, 421 A.2d 174 (1980), and ten months, *Raymond J. Brusco Funeral Home,* have been found to be excusable under the circumstances, thus rendering the filing of the petition to open sufficiently prompt.

In the case at bar, it is clear from the record that 127 days elapsed between the time when the Department of Justice was notified of the default judgment by the officials at Graterford and the filing of the petition to open. The Administrator found that this delay was reasonably explained by the fact that counsel were attempting to negotiate an amicable removal of the default judgment. Such negotiations can constitute sufficient explanation for a delay in filing a petition to open. *McGreevey v. Carter,* 34 Bucks Co. L. Rep. 124 (C.P. Pa. 1980); *Rice v. Reigh,* 62 D. & C.2d 175 (1973); *See also Beam v. Carletti,* 229 Pa. Superior Ct. 168, 323 A.2d 180 (1974). The only evidence on the record which supports the Administrator's determination, however, is the undenied assertion in Respondent's petition to open the default judgment that attempts were made to amicably open the judgment. There is no evidence as to the extent or duration of these negotiations.

Accordingly, we reverse the opinion and order and remand the record for the taking of additional testimony on this point, and we enter the following

ORDER

AND Now, December 10, 1981, the Opinion and Order of the Administrator for Arbitration Panels for Health Care in the above-captioned matter, No. M79-0163, dated July 11, 1980, is hereby reversed and the record is remanded for further proceedings consistent with the opinion of this Court.

Judge WILLIAMS, JR. concurs in the result only.