439 A.2d 792

**KEYSTONE BOILER WORKS, INC., Appellant,**

v.

**COMBUSTION & ENERGY CORPORATION and Philadelphia Coke Company Inc. and NL Industries, Inc.**

Superior Court of Pennsylvania.

Argued Jan. 19, 1981.

Filed Jan. 8, 1982.

Petition for Allowance of Appeal Denied April 23, 1982.

John H. Colehower, Philadelphia, for appellant.

John A. Wetzel, Philadelphia, for appellees.

Before HESTER, POPOVICH and DiSALLE, JJ.

HESTER, Judge:

This is an interlocutory appeal as of right, pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(1), from an Order of the Court of Common Pleas of Philadelphia County, dated November 27, 1979, granting appellee's, Combustion & Energy Corporation, Petition to Open a Default Judgment entered against it on April 4, 1979.

On February 27, 1979, appellant, Keystone Boiler Works, Inc., filed its complaint in assumpsit against appellee seeking the balance due for the sale, delivery and installation of a Boiler Forced Draft Fouled Air Duct System. Prior to the filing of the complaint, on February 12, 1979, appellant's counsel wrote to appellee's President, Jerry Bernstein, advising him of appellant's intent to institute suit and he enclosed a copy of the complaint. Service of the complaint was effected upon Mr. Bernstein in Brooklyn, New York on March 3, 1979, by certified mail, pursuant to 42 Pa. C.S.A. Section 5323.

Mr. Bernstein referred the complaint to his New York counsel, who advised that he in turn would forward the matter to Philadelphia counsel for disposition.

On April 4, 1979, since no answer had been filed, appellant filed a default judgment against appellee, at which time the Prothonotary's notice of default judgment was sent to appellee pursuant to Pennsylvania Rule of Civil Procedure 236. On April 24, 1979, appellant's counsel sent a letter to Mr. Bernstein, with a copy of the relevant docket entries enclosed, and requested that Mr. Bernstein contact him within 10 days. The letter stated in relevant part:

"Unless we hear from you within 10 days of the date of this letter, we will transfer the record to our New York counsel who will initiate proceedings in a local court to execute on the judgment."

Appellant was granted a Writ of Attachment concerning appellee's accounts receivable in Pennsylvania against Philadelphia Coke Company, as garnishee, on June 29, 1979.

Finally, on July 13, 1979, appellee filed its Petition to Open, and the lower court granted appellee leave to take depositions in order to support its petition. Prior to July 13, 1979, appellee took no action, formally or informally, in this matter.

The appellee attempted to depose its New York counsel, but New York counsel refused to submit to a deposition. Instead, the appellee mailed to the lower court a letter from its New York counsel addressed to its Pennsylvania counsel, which purported to explain the failure to file an answer. Said letter stated, in relevant part:

> "The mistakes I made in handling the case were caused by a confusion in my record keeping, change of personnel, and faulty memory on my part."

Appellant never had the opportunity to depose New York counsel, nor was he able to test the assertions set forth in the letter by means of cross-examination.

On November 27, 1979, the lower court granted appellee's Petition to Open the Default Judgment, giving "equitable consideration to the letter by said counsel quoted above."

Appellant contends that the lower court abused its discretion by opening the default judgment under the circumstances.

We agree and, therefore, reverse.

■ In order to open a default judgment, the Petition to Open must be: (1) promptly filed, (2) state an adequate excuse why a timely answer was not filed, and (3) show a meritorious defense. *Government Employees Financial Corporation v. Walker*, 259 Pa.Super. 371, 393 A.2d 873, 875 (1978); *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577, 579 (1979); *Marmara v. Rawle*, 264 Pa.Super. 229, 399 A.2d 750 (1979). All three criteria must be met, and the three requirements must "coalesce". *Tice v. Nationwide Life Insurance Company*, 253 Pa.Super. 118, 384 A.2d 1257,

1258 (1978); *Bethlehem Apparatus Company, Inc. v. H. N. Crowder, Jr. Company*, 242 Pa.Super. 451, 364 A.2d 358, 360 (1976).

In its petition to open, appellee details a breach of contract on appellant's part concerning the goods supplied. Accordingly, appellant does not contend that appellee has not alleged a meritorious defense.

■ However, appellee failed to file its petition timely and did not adequately excuse itself from failing to file an answer to the complaint.

Although appellee's President, Bernstein, did forward the complaint to his New York counsel, no answer to the complaint was ever filed. Appellee has not established a reasonable excuse for its failure to file an answer. New York counsel admitted that the answer had not been filed, at least in part, due to "faulty memory on my part."

In *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577, 581–2 (1979), this Court attempted to distinguish between acceptable and unacceptable mistakes concerning this issue. We observed that unacceptable mistakes involve attorney carelessness or dilatoriness, a failure to act by one who knows its implications, or a deliberate decision not to defend. Acceptable mistakes involve the misplacement or handling of papers through no fault of the appellant or its attorney, or a clerical oversight resulting in an attorney's being unaware of the suit from the outset. *Peoples National Bank v. Hitchcock*, 278 Pa.Super. 375, 420 A.2d 589 (1980).

It is apparent, on the basis of the admission of appellee's counsel, that he was aware that suit had been filed and that he was required to take action. By the tone of his letter, it is also apparent that he was aware of the implications of his failure to act.

Appellant also argues that appellee's New York counsel deliberately decided not to defend the case in Pennsylvania. When Mr. Bernstein received appellant's letter of April 24, 1979, advising of a possible execution in New York within 10

days, he referred the letter to New York counsel. Concerning this subject, Mr. Bernstein's affidavit states:

"I again consulted my attorney who advised that he could not find his file on this matter but not to worry because when this judgment was transferred he could have it opened in New York."

Therefore, it would appear that the appellee decided not to take any action to defend this matter in Pennsylvania, until it learned that its accounts receivable had been attached in Philadelphia on June 29, 1979. *Nevils v. Chernitsky*, 244 Pa.Super. 501, 368 A.2d 1297 (1976).

For the same reasons, appellee failed to file a timely petition to open. Appellee received the Prothonotary's notice of the entry of the default judgment shortly after April 4, 1979. Appellee also subsequently received the letter of April 24, 1979, at which time it was advised "not to worry". The petition to open was filed on July 13, 1979, 15 days after appellee's accounts receivable were attached in Philadelphia and more than 3 months after the entry of the default judgment.

A default judgment will be opened only when there exist ".... equitable considerations which impress the court with the need for relief". *Ecumenical Enterprises, Inc., v. Nadco Construction*, 253 Pa.Super. 386, 385 A.2d 392, 396 (1978). Under the circumstances of this case, we are unable to find an equitable consideration which would justify the opening of this default judgment. Appellee received notice prior to the filing of the complaint, appellee was served with the complaint, appellee was notified of the entry of the default judgment and appellee was advised that execution in New York was forthcoming. Appellee was apparently advised to wait to file a Petition to Open until it obtained the "home court advantage" in New York.

For these reasons, we hold that the lower court abused its discretion in granting a petition to open which was filed more than 3 months following the entry of the default judgment. *Maruccio v. Houdaille Industries, Inc.*, 254 Pa. Super. 560, 386 A.2d 91, 94 (1978); *Hofer v. Loyal Order of*

*Moose of the World*, 243 Pa.Super. 342, 365 A.2d 1254, 1255 (1976); *McCoy v. Public Acceptance Corporation*, 451 Pa. 495, 305 A.2d 698 (1973); *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Dwyer v. Hunsberger*, 229 Pa.Super. 198, 323 A.2d 822 (1974).

Order reversed and judgment reinstated.

Decision was rendered prior to DiSALLE, J., leaving the bench of the Superior Court of Pennsylvania.