## City of Philadelphia v. Bryan

328

*Marco A. Muniz* and *James C. Vandermark,* for appellant.

*Jon C. Sirlin,* for appellee.

TUCKER, *J.*, March 9, 2012—

## I. PROCEDURAL HISTORY

This matter comes before the court from a denial of appellant Denise Bryan's petition to open default judgment. The procedural posture of this matter is an appeal from an order entered in the Philadelphia Court of Common Pleas pursuant to the Rules of Civil Procedure governing Philadelphia Municipal Court Appeals of Money Judgments. The relevant facts are as follows.

## II. LEGAL ANALYSIS

*1. Facts*

On October 7, 2010, the Philadelphia Municipal Court ruled in favor of appellant Denise Bryan. Order of Municipal Court (10/7/10). The City of Philadelphia ("appellee") timely appealed the Philadelphia Municipal Court decision to the Philadelphia Court of Common Pleas on October 29, 2010 pursuant to Phila. Civ.R. 1001(c)(1). Notice of the appeal was served by First Class Mail in violation of Phila. Civ.R. 1001(d) - (e). The appellee filed an untimely complaint with notice to defend the civil complaint. Phila. Civ.R. 1001(f)(1)(i). Notice of the complaint was personally served on appellant on November 29, 2010 pursuant to Phila. Civ.R. 1001(f)(1) and Pa.R.C.P. 401. Appellee's aff. of service (12/3/2010). The complaint alleges two counts for failure to pay business privilege taxes. This case was scheduled for hearing in the arbitration center pursuant to Phila. Civ.R. 1001(g).

Judgment for default for failure to answer the complaint within the required time was entered against appellant on January 10, 2011, without objection. On November 8, 2011, a praecipe for writ of execution was filed upon appellant and PNC Bank, garnishee in the above captioned matter. PNC Bank filed answers to interrogatories in attachment on November 30, 2011; judgment by admission was subsequently entered against garnishee PNC Bank on December 6, 2011 based on the answer to interrogatories. Appellant filed an untimely petition to open default judgment on December 9, 2011. Meanwhile, the appellee proceeded to partially satisfy the judgment against garnishee PNC Bank by praecipe on December 21, 2011.

On January 6, 2012, this court denied appellant's petition to open default judgment. This timely appeal follows.

The court ordered appellant Bryan to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) statement"). On January 25, 2012, appellant timely filed a 1925(b) statement wherein she alleged that she was denied a fair hearing, presumably in the Philadelphia Municipal Court, and that appellant was not properly served notice of an appeal from the Philadelphia Municipal Court to the Philadelphia Court of Common Pleas.

## 2. Legal Analysis

*(1) Appellant has waived the issue of whether the court erred in denying her petition to open default judgment.*

Appellant's 1925(b) statement does not meet the provisions of the Pennsylvania Rules of Appellate Procedure; therefore appellant has waived all issues relevant to this court's denial of her petition to open default judgment. Under the Pennsylvania Rules of Appellate Procedure, the 1925(b) statement must identify each ruling or error that is being challenged on appeal. PA. R.A.P. 1925(b)(4). Issues not raised in the statement are deemed waived. *Golovach v. DOT, Bureau of Driver Licensing*, 4 A.3d 759, 764 (Pa. Cmwlth. 2010). Appellant assigns as error a denial of a fair hearing based, presumably, on the theory that appellant did not receive notice of the Philadelphia Municipal Court appeal. Appellant also states that she "won" her case in the Philadelphia Municipal Court, 1925(B) statement. As a threshold matter, appellant is held to the same standard

as practicing attorneys. *Cino v. Hopewell Twp. Gov't.,* 715 A.2d 1242, 1243 (Pa. Cmwlth. 1998). Appellant does not state as error this court's denial of her petition to open the default judgment. Therefore, appellant has waived the issue of whether the court erred in denying the petition to open default judgment.

*(2) Notwithstanding waiver, the court properly denied appellant's petition to open default judgment for failure to attach a verified copy of the answer which petitioner seeks to file.*

Appellant failed to follow the Pennsylvania Rules of Procedure governing petitions to open default judgment. Under the Pennsylvania Rules of Civil Procedure, a petition to open a default judgment entered pursuant to Rule 237.1 must include a "verified copy" of the answer which the petitioner seeks leave to file. PA.R.C.P. 237.3. While the court may disregard procedural defects, the court may not ignore procedural defects that affect the substantial rights of the parties. PA.R.C.P. 126. As discussed below, the failure of appellant to file the appropriate answer hindered the court's ability to discern any meritorious defense to the underlying business privilege tax claim. The substantial rights of both the appellant and the appellee are affected by appellant's deviation from the Rules of Civil Procedure.

*(3) Furthermore, the court properly denied appellant's petition to open default judgment because it was untimely and did not otherwise meet the requirements to open default judgment.*

A petition to open default judgment is an appeal to

the equitable powers of the trial court. *Schultz v. Erie Ins. Exchange*, 505 Pa. 90, 93, 477 A.2d 471, 472 (1984). The court must balance this equitable power with the policy for authorizing default judgments. Default judgments were designed to "prevent a dilatory defendant from impeding the plaintiff's efforts to establish a claim." *Raymond J. Brusco Funeral Home v. Sicilia*, 419 A.2d 688, 692 (Pa. Super. 1980). Accordingly, a court may only open a default judgment where (1) the petition is promptly filed; (2) a meritorious defense is shown; and (3) there is a reasonable excuse for the failure to respond. *Southeastern Pennsylvania Transp. Auth. v. Ray*, 569 A.2d 1020, 1021 (Pa. Cmwlth. 1990). All three elements must be present before the court may open a default judgment. *Id.*

Under the Pennsylvania Rules of Civil Procedure, the court must grant a petition to open default judgment if the petition is filed within ten (10) days of default and there is a meritorious defense Pa. R.C.P. 237.3(b). Otherwise, promptness is determined by the court and the specific facts of the case. *Gravely v. Gaffney*, 437 A.2d 1041, 1043 (Pa. Cmwlth. 1981)(citing *Raymond J. Brusco Funeral Home v. Sicilia*, 419 A.2d 688 (Pa. Super. 1980)). While there is no bright line test for promptness, a court may consider two factors: 1) the length of the delay between discovery of the default judgment and the filing of the petition; and 2) the reason for the delay. *Raymond*, 419 A.2d 688 at 690. Unexplained delays of two and one-half weeks have been considered untimely; delays as long as ten months have been excused based on the asserted reasons for the delay. *Gravely*, 437 A.2d at 1043 (citations

omitted).

Here, appellant waited eleven (11) months after notice of the default judgment to file the petition to open default judgment. The appellee certifies that the ten (10) day notice of intent to file a praecipe for default was sent to appellant on December 28, 2010. Appellee's praecipe for entry of default J. (1/10/2011) (certification of service dated 12/28/2010 attached). Appellant filed a motion to open default judgment on December 9, 2011. Appellant's pet. to open default J. (12/9/2011). Appellant attempts to explain the reason for her delay in filing the petition to open by asserting that she thought the "matter was settled when [she] sold the building[1] in 2008" and that she was never served notice of the appeal from the Philadelphia Municipal Court to the Philadelphia Court of Common Pleas, *Id.*

While the court acknowledges the unique procedural posture of Philadelphia Municipal Court money judgment appeals[2], it is incumbent upon appellant to defend against the appellee's claim. The record reflects that the complaint was personally served to appellant at 5733 Larchwood Avenue, Philadelphia, PA 19143; both the notice of appeal and the intent to file a praecipe for entry of judgment by default were sent to the same address. Aff. of service of compl. (12/3/2010) (Rule 400.1 affidavit dated 11/29/2010

---

1. The court is unaware of any claim relating to a "building"; the underlying civil action is for failure to pay business privilege taxes. See compl. in civil action.
2. Final orders issued by the Philadelphia Municipal Court involving money judgments are appealable to the Philadelphia Court of Common Pleas pursuant to Phila. Civ.R. 1001(1).

attached); Aff. of service of appeal (10/29/2010); appellee's praecipe for entry of default J. (1/10/2011) (Certification of service dated 12/28/2010 attached). The effectuation of personal service of the complaint cures any defect in the service of the appeal; the standard of review for appeals of Philadelphia Municipal Court money judgments is de novo pursuant to Phila. Civ. R. 1001. Appellant only decided to take action in these proceedings when she was unable to access funds that had been garnished from her PNC bank account. Appellant's pet. to open default J. (12/9/2011). The circumstances surrounding the eleven (11) month delay in filing the petition to open the default judgment indicate that appellant chose to ignore the complaint and subsequent notices of default judgment until her personal bank account was garnished. Appellant's explanation amounts to an unexplained delay. The petition to open default judgment was not promptly filed.

*(4) The court properly denied appellant's petition to open default judgment for lack of a meritorious defense to the underlying business privilege tax claim.*

Appellant did not assert a meritorious defense to the underlying business privilege tax claim. A meritorious defense must be asserted in "precise, specific, clear and unmistaken terms." *City of Philadelphia v. New Sun Ray Drug, Inc.,* 394 A.2d 1311, 1313 (Pa. Cmwlth. 1978). A defense is meritorious when, if proven, the defense is sufficient to justify relief. *Southeastern Pennsylvania Transp. Auth. v. DiAntonio,* 618 A.2d 1182, 1184 (Pa. Cmwlth. 1992).

Appellant was personally served with a complaint in civil action for non-payment of business privilege taxes on November 29, 2010. Appellee's compl. (11/22/2010); aff. of service of compl. (12/3/2010) (Rule 400.1 Affidavit dated 11/29/2010 attached). Appellant failed to answer the complaint; appellant did not offer any defense to the underlying business privilege tax claim within her petition to open default judgment. Appellant simply states that she "won" her case in the Philadelphia Municipal Court and that favorable outcome should stand on appeal. Appellant's pet. to open default J. (12/9/2011). The standard of review for Philadelphia Municipal Court appeals of money judgments is de novo; appellant was responsible for defending against the appellee's tax claim as if it were originally filed in the Philadelphia Court of Common Pleas. Phila. Civ. R. 1001. Appellant has not asserted a meritorious defense.

*(5) The court properly denied appellant's petition to open default judgment for lack of a reasonable excuse for her failure to answer the complaint.*

Appellant did not assert a reasonable excuse for her failure to answer the complaint. The court may only grant a petition to open default judgment where all three elements of the tripartite test are present, including a reasonable excuse for any delay in answering the complaint. Appellant must provide a "justifiable" explanation for her failure to respond to the complaint in a timely manner. *McFarland v. Whitham,* 518 Pa. 496, 498, 544 A.2d 929, 930 (1988). Merely stating the facts surrounding the delay in response does not sufficiently explain the

delay in response. *Id.* Appellant maintains that she was unaware of the Philadelphia Municipal Court appeal to the Philadelphia Court of Common Pleas. While the record supports this argument, the record confirms that appellant was properly served a complaint with notice to defend, which effectively cures any deficiency relating to the notice of appeal. Appellant neither responded to the complaint nor the subsequent notice of intent to take the instant default judgment. Instead, appellant relied on the favorable outcome of the Philadelphia Municipal Court case, which was the subject of this appeal. Appellant has not shown a reasonable excuse for her failure to answer the complaint or otherwise participate in any of the docketed actions in this case.

## III. CONCLUSION

Appellant asserts on appeal that she was denied a fair hearing, that she was unaware of the Philadelphia Municipal Court appeal, and that she won her case in the Philadelphia Municipal Court. Taking all equities and prejudices surrounding default judgments into consideration, the court concludes that appellant has waived the issue of whether this court erred in denying her petition to open default judgment. Nevertheless, the court finds that appellant's petition to open was not promptly filed; did not state a meritorious defense to the underlying business privilege tax claim; and did not assert a reasonable excuse for appellant's failure to reply to the personally served complaint. Therefore, this court did not err and its judgment must stand.