■ SYMA HIATT, as Administratrix of the Estate of MAIER HIATT, Deceased, Respondent, v. ROBERT O. GREGG, Appellant.— Order unanimously affirmed, without costs. Memorandum: Defendant appeals from an order at Special Term which denied his motion to dismiss plaintiff's wrongful death action because of her failure to timely serve her complaint and which granted plaintiff's motion to open her default in the service thereof. The action was commenced by the service of a summons on defendant on January 13, 1971. Defendant's notice of appearance was served on January 18, 1971. The complaint was served on defendant's attorneys on June 29, 1972 and returned by them to plaintiff's attorney on the same day. In support of plaintiff's motion to open the default, and in opposition to defendant's motion, her attorney shows in his affidavit that a course of conduct developed over a period of 10 years in about 150 cases between him and defendant's attorneys not to take advantage of defaults and that he had no warning of the impending motion until service of the motion papers. These allegations, which are not disputed by defendant, show that plaintiff's attorney was lulled into a sense of security by the course of conduct between the parties which, under the circumstances of this case, is a sufficient excuse for the default. (Cf. *Fromberg* v. *261 Broadway Estates,* 38 A D 2d 752; *Galanos* v. *City of New York,* 35 A D 2d 829.) (Appeal from order of Onondaga Special Term denying motion to dismiss malpractice action.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE FRANK IRONS, Appellant, v. ERNEST L. MONTANYE, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed as academic. Memorandum: The relator contends that the Parole Board incorrectly determined the date on which relator could first be considered for parole. His own computations, he argues, reveal an earlier date for parole consideration. We disagree with relator and note that the board's computation of the later date on which relator was first entitled to be considered for parole, March 3, 1973, has already passed. Relator was, of course, entitled to be considered for parole as of that date. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Cardamone, Simons and Henry, JJ.