**CENTRAL BANK & TRUST COMPANY, Plaintiff and Respondent,**

v.

**Wendell Alan JENSEN and Ann Jensen, Defendants and Appellants.**

**No. 17754.**

Supreme Court of Utah.

Dec. 10, 1982.

David H. Schwobe, Salt Lake City, for defendants and appellants.

Brent D. Young, Provo, for plaintiff and respondent.

STEWART, Justice:

This is an appeal from the denial of the defendants' motion to set aside a default judgment. They contend that the default judgment should have been set aside because: (1) The service of process was defec-tive in requiring an answer within twenty days rather than thirty days; and (2) plain-tiff failed to give defendants notice of the default judgment. Defendants also allege error in the court's denial of their request for oral argument on the motion.

On October 23, 1980, plaintiff Central Bank & Trust Company (Central Bank) filed a complaint seeking a money judg-ment against the Jensens for the unpaid balance on their Master Charge account. Earlier that day a representative of Central Bank had spoken to Mrs. Jensen by tele-phone and she had informed the representa-tive that their house in Utah County was being sold and that they were leaving Utah County that same day. She refused to give any address where they could be reached other than a post office box number in Provo, Utah. Consequently, Central Bank filed a motion for alternative service of process, which was granted on October 23, 1980. The clerk filed a proof of mailing of a summons and complaint the following day, stating that the summons was mailed to the post office box in Provo. Also, on October 24, 1980, a writ of attachment was issued attaching real property owned by the Jensens. A hearing was set for October 31, 1980, to consider an extension of the writ of attachment. The Jensens failed to appear, and the trial judge entered an order ex-tending the writ.

On November 5, 1980, the Jensens' attor-ney, David H. Schwobe, contacted Central Bank's counsel, Brent D. Young. Schwobe advised Young that he was representing the Jensens, and a discussion of the complaint and attachment proceedings ensued. The next day Schwobe wrote to Young request-ing copies of the pleadings and all other documents. On November 14 Young an-swered the letter, refusing to supply docu-mentation to aid Schwobe in making a spe-cial appearance, but expressing a willing-ness to cooperate if Schwobe appeared gen-erally. With no answer having been filed, a default judgment was entered December 4, 1980.

For unexplained reasons, that did not end the legal maneuverings. On December 8,

1980, Schwobe replied to Young's letter of November 14 and again requested a copy of the complaint. On December 31, 1980, Young served the Jensens at their California residence with another summons and complaint, even though a default judgment had already been entered on the first complaint. On January 22, 1981, Schwobe served upon Young an answer and counterclaim relating to the second summons and complaint, served on December 31. The answer and counterclaim were returned to Schwobe for failure to attach the filing fee required for a counterclaim, and on March 5, 1981, the answer and counterclaim were filed. On March 11, 1981, Central Bank filed a motion to strike the answer and counterclaim on the basis that a default judgment had been entered. Allegedly this was defendants' first notice of the default judgment, and on March 17, 1981, they filed a motion to set it aside for defective process and inadequate notice of the judgment, together with a memorandum and a request for oral argument if the court did not rule on the matter summarily. Plaintiff's counsel filed an affidavit stating that the defendants were properly served. The trial judge, without oral argument, denied the Jensens' motion to set aside the default judgment.

■ Defendants argue that the default judgment is void because, they argue, they were served with a 20-day rather than a 30-day summons, as impliedly required by U.C.A., 1953, § 78–27–27.[1] However, the allegation is without support in the record. We therefore presume that the summons was proper.

■ Defendants also contend that in light of the communications between counsel, Young had an obligation under Rules 5 and 77, Utah R.Civ.P., to notify Schwobe of the default judgment upon receipt of the answer and counterclaim in this matter. However, both of those rules expressly exclude parties in default from those entitled to notice.[2] Rule 55(a)(2) also provides that a party in default need not be given notice of the entry of default:

> After the entry of the default of any party, as provided in subdivision (a)(1) of this Rule, it shall not be necessary to give such party in default any notice of action taken or to be taken or to serve any notice or paper otherwise required by these Rules to be served on a party to the action or proceeding, except as provided in Rule 5(a).

We therefore conclude that plaintiff was under no duty to notify defendants of the default and that the trial court correctly

---

1. 78–27–27. Jurisdiction over nonresidents—Default judgments.—No default shall be entered until the expiration of at least thirty days after service. A default judgment rendered on service may be set aside only on a showing which would be timely and sufficient to set aside a default judgment rendered on personal service within this state.

2. Rule 5(a) provides in part:

   Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. *No service need be made on parties in default for failure to appear....* [Emphasis added.]

Rule 77(d) provides for notice of orders or judgments:

> At the time of presenting any written order or judgment to the court for signing, the party seeking such order or judgment shall deposit with the clerk sufficient copies thereof for mailing as hereinafter required. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 *upon each party who is not in default for failure to appear,* and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these Rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed. [Emphasis added.]

rejected the argument that there was such a duty.

We are satisfied that defendants had actual notice of the suit filed against them. Indeed, that fact has never been denied or controverted. The defendants knowingly shirked their duty to respond, and they have no valid basis for setting the default aside.

██ The events subsequent to the entry of default do, however, raise a cause for concern. It is well settled that in obtaining a default judgment an attorney may not engage in deceitful or misleading conduct designed to lull a non-answering party into a false sense of security, without running the risk of having the default judgment set aside. *E.g.*, *Helgesen v. Inyangumia*, Utah, 636 P.2d 1079 (1981); *Hiatt v. Gregg*, 42 A.D.2d 921, 348 N.Y.S.2d 400 (1973); *Hersch v. Clapper*, 232 Pa.Super. 550, 335 A.2d 738 (1975); *Stewart v. Malek*, Tex.Civ. App., 338 S.W.2d 501 (1960).

However, there are no acts alleged on the part of Central Bank's counsel, up to and including the time default judgment was entered, that could reasonably have led the Jensens or their attorney to believe that it would be unnecessary to file an answer and that no default judgment would be sought if an answer were not timely filed. The only evidence pertaining to the issue is the letter of November 14 written by Young to Schwobe in which Young agreed to furnish Schwobe with copies of the pleadings if defendants made a general appearance. Defendants offer no explanation as to what happened to the complaint served on defendants or why copies of the pleadings were not obtained from the clerk's office. In any case, it is clear that defendants were on notice of the need to act promptly. Young's letter did nothing to lull defendants into a false sense of security that would justify them in not taking any further action.

It may be, as defendants assert, that the second service of process, on December 31, 1980, and the ensuing events were designed to prevent defendants' counsel from discovering that a default judgment had been entered until time for moving to set it aside under Rule 60(b) had lapsed. However, even assuming Central Bank's conduct did induce Schwobe to delay in challenging the default until after the 60(b) time limit had expired, defendants would still lack sufficient grounds to set the judgment aside under that rule. That is, even if a timely motion to set aside had been made, defendants still lacked grounds to set the judgment aside. If Central Bank's conduct subsequent to the entry of the default judgment had caused defendants to delay filing a meritorious motion under Rule 60(b), the bank might be estopped from asserting a time bar to a motion to set the judgment aside.

The trial court's refusal to grant oral argument on defendants' motion is an insufficient ground for reversal, as the granting of the motion would *not* "dispose of the action on the merits, with prejudice," and defendants were not "the party resisting the motion." Rules of Practice in the District and Circuit Courts of the State of Utah, 2.8(d)–(e).

Affirmed. Costs to respondent.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.