## Hersch *v.* Clapper, Appellant.

Argued November 16, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert B. McCullough*, with him *Evans, Johnson, Scarpitti, Bernard, McCullough & Wittmann*, for appellant.

*James T. Marnen*, with him *Lund, Fischer, Kennedy & Schleicher*, for appellee.

OPINION BY CERCONE, J., February 27, 1975:

This is an appeal from an order of the Court of Common Pleas of Erie County refusing to open a default judgment entered in a trespass action. The suit arose out of an altercation that occurred on April 21, 1971, when the defendant, Frederick Clapper, is alleged to have repeatedly struck the plaintiff, Lucy Brindle Hersch, with a large board.

The litigation was commenced through issuance of a summons which was duly served upon the defendant on May 16, 1972. On May 31, 1972, the plaintiff through her former attorney, S. Thaddeus Kwiat, now deceased, filed a complaint in trespass. The sheriff's return states that

the defendant was personally served with a copy of the complaint at his residence on June 16, 1972.

On July 17, 1972, plaintiff's counsel caused a default judgment to be entered against defendant for failure to enter an appearance or file an answer. The following day plaintiff's attorney filed a praecipe requesting that the case be listed for trial. Notice of the default judgment was not conveyed to the defendant until December 29, 1972, when he was notified by registered mail of plaintiff's motion for a continuance with respect to the trial for the assessment of damages. Defendant for some unexplained reason, however, did not bring this matter to his attorney's attention. Defendant's counsel was first apprised of the default judgment on January 11, 1973, when—while reviewing the January trial list—he observed the instant case listed for trial specifically on the issue of assessment of damages.

On January 27, 1973, the defendant journeyed to South America and did not return to the United States until April 4, 1973. Finally, on April 5, 1973, defendant filed a petition to open judgment. After plaintiff filed her answer to the petition and depositions were taken, the lower court refused to open the judgment. This appeal followed.

It is well established that a petition to open a default judgment is addressed to the lower court's equitable powers and is a matter of judicial discretion. *Pappas v. Stefan*, 451 Pa. 354 (1973) ; *Balk v. Ford Motor Company*, 446 Pa. 137 (1971). On appeal, the decision of the lower court will not be reversed unless there has been an error of law or a clear abuse of discretion. *Pappas v. Stefan*, supra; *Balk v. Ford Motor Company*, supra; *Silverman v. Polis*, 230 Pa. Superior Ct. 366 (1974) ; *Ashbourne Country Club v. Cherry Steel Corp.*, 227 Pa. Superior Ct. 433 (1974).

A default judgment will not be opened unless the defendant has satisfied the following three requirements:

(1) the petition to open must be promptly filed; (2) the petition must state a satisfactory explanation as to why the defendant failed to act prior to the entry of judgment; and (3) the petition must set forth a meritorious defense. *Pappas v. Stefan,* supra; *Beam v. Carletti,* 229 Pa. Superior Ct. 168 (1974); *Silverman v. Polis,* supra. In a trespass action, however, a meritorious defense need not be established when the equities are otherwise clear. *Kraynick v. Hertz,* 443 Pa. 105 (1971).

We conclude that the defendant neither promptly filed a petition to open judgment, nor did he offer a satisfactory explanation for his failure to act prior to entry of the default judgment.

In the instant case, plaintiff caused a default judgment to be entered on July 17, 1972, (thirty-one days after defendant was served), and defendant did not file his petition to open the judgment until April 5, 1973. The defendant contends that his attorney was not aware that a default judgment had been taken until January 11, 1973. The record, however, discloses that the defendant was personally informed of the default judgment on December 29, 1972, when he received the plaintiff's motion for a continuance. In any event, the petition to open was not filed until April 5, 1973, i.e., ninety-seven days after notice to the defendant and eighty-four days after notice to his attorney. Defendant offers no explanation for this lack of diligence other than the fact that negotiations were being conducted in an attempt to arrive at some amicable agreement to settle the controversy. This does not constitute an adequate explanation for defendant's failure to promptly file the petition. We would be inclined to view the situation differently if this were a case where the defendant's delay was occasioned by conduct on the part of the plaintiff deliberately designed to confuse the defendant, or lull him into a false sense of security. See *Zellman v. Fickenscher,* 452 Pa. 596

(1973). That is clearly not the case in the present appeal however.

Furthermore, and apart from all other considerations, defendant has failed to satisfactorily explain why he did not act prior to the default judgment being entered. Although, as previously noted, the sheriff's return indicates that the defendant was personally served with a copy of the complaint on June 16, 1972, defendant contends that he never was served, and if he in fact was properly served, he has suffered a complete lapse of memory concerning this fact.

In *Hollinger v. Hollinger*, 416 Pa. 473 (1965), the Court held that, in the absence of fraud, a sheriff's return which is complete on its face is conclusive and immune from extrinsic attack as to facts of which the sheriff presumptively has personal knowledge. The defendant, of course, is not precluded from attacking representations or facts of which the sheriff does not have personal knowledge. *Miller v. Carr*, 221 Pa. Superior Ct. 306 (1972). The defendant, however, did not attempt to prove through deposition, or other manner of extrinsic attack, that the sheriff did not personally know him. Defendant simply alleges that he was not served. Accordingly, the sheriff's return indicating that service was effected is conclusive.

Defendant's alternative argument that he suffered a lapse of memory regarding any service is unsupported by the evidence. Although defendant was deposed following his filing of the petition to open judgment, he offered no testimony of his own as to sustaining any lapses of memory which prevented him from giving attention to the litigation. See *Baraonfski v. Malone*, 371 Pa. 479 (1952). Thus, the record is devoid of any evidence which reasonably explains defendant's delay in responding to the instant suit.

In viewing of defendant's failure to act with sufficient diligence in filing his petition to open, and his lack of

satisfactory explanation for not responding to plaintiff's suit, we conclude that the lower court did not abuse its discretion in refusing to open the default judgment.

Order affirmed.