Kabanow *v.* Kabanow, Appellant.

Submitted September 8, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

24

*Edwin P. Smith*, and *Dubyn & Smith*, for appellant.

*David H. Kubert*, for appellee.

OPINION BY CERCONE, J., March 29, 1976:

This is an appeal from an order of the Court of Common Pleas of Montgomery County, sitting in equity, refusing to open a default judgment entered against the appellant, Eugenia Kabanow. The sole issue for our determination is whether the lower court abused its discretion in declining to open the judgment.

The events giving rise to this appeal may be summarized as follows: On June 21, 1972, appellant conveyed her fee title to her residence to herself and her son, plaintiff-appellee Oleg Kabanow, as joint tenants with right of survivorship. Subsequently, animosity developed between mother and son climaxed by appellant-mother taking sole possession of the jointly owned premises and refusing the appellee-son entrance thereto. On August 13, 1973, appellee instituted a complaint in equity for partition of the real estate. On October 16, 1973, the reinstated complaint was served upon the appellant. Appellant failed to file an answer to the complaint and, consequently, a default judgment was entered against her on November 20, 1973. On February 13, 1974, the lower court ordered an equal partition of the property. Finally, on June 3, 1974, appellant, through her counsel, filed a petition to open the default judgment.

The principles relative to opening a default judgment have been delineated on countless occasions. A petition to open is addressed to the court's equitable powers and is a matter for judicial discretion. *McCoy v. Public Acceptance Corporation*, 451 Pa. 495 (1973); *Pappas v. Stefan*, 451 Pa. 354 (1973); *Balk v. Ford Motor Company*, 446 Pa.

137 (1971); *Hersch v. Clapper*, 232 Pa. Superior Ct. 550, 335 A.2d 738 (1975). Moreover, an appellate court "will not reverse a lower court ruling, either opening or refusing to open a default judgment unless there was an error of law or a clear, manifest abuse of discretion in this class of case." *McCoy v. Public Acceptance Corp.*, 451 Pa. at 498; Accord: *Pappas v. Stefan,* supra; *Balk v. Ford Motor Co.,* supra; *Hersch v. Clapper,* supra. It is well established that "[a] petition to open a default judgment should not be granted unless (1) the petition has been promptly filed, (2) the default can be reasonably excused and (3) a meritorious defense can be shown. *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) and *Wheel v. Park Building,* 412 Pa. 545, 195 A.2d 359 (1963)." *Ruczynski v. Jesray Construction Corp.*, 457 Pa. 510, 512 (1974).

The lower court refused appellant's petition to open because of her failure to reasonably explain her default, and her lack of sufficient promptness in filing the petition to open the default judgment. The record supports that determination and we therefore affirm.

Appellant contends that her inability to either adequately comprehend or write the English language excuses her failure to timely answer the complaint. The record does establish that appellant, a widow who emigrated from Russia to South America and then to Philadelphia in 1959, had extreme difficulty in understanding the nature and significance of the legal documents served upon her. Indeed, appellant's difficulties with the English language are so distressing and deserving of sympathy that if the only issue were her failure to respond to the complaint equity would compel us to open the judgment. However, that is not the case. For it is undeniably clear that regardless of what weight we give to appellant's communication barriers, she not only failed to answer the complaint but after retaining counsel there is no satisfactory explanation for the six

month delay in filing her petition to open the default judgment.[1]

Appellant admits that in November, 1973, she was notified that a judgment of partition by default had been entered against her. Shortly thereafter, on December 4, 1973, she retained the assistance of counsel.[2] This counsel, however, did not file a petition to open judgment until June 5, 1974, more than six months after she personally was notified of the judgment, and almost six months to the day after she had engaged counsel.[3] We are constrained to conclude that this unexplained six month delay is fatal to appellant's petition. In *Pappas v. Stefan*, supra, the Supreme Court held that the petitioner had not proceeded with sufficient promptness where the delay between notice of the default judgment and filing of the petition was eight weeks. In *Kramer v. City of Philadelphia*, 425 Pa. 472 (1967), the Court found that the lapse of nearly 6½ months between the entry of judgment and the filing of the petition did not comply with the promptness condition. We have recently held the following delays between notice of judgment and filing of the petition to open rendered the respective petitions untimely: 71 days in *Reliance Insurance Companies v. Festa*, 233 Pa. Superior Ct. 61, 335 A.2d 400 (1975); eight

---

1. As previously indicated, the lower court refused to open the default judgment because of both appellant's failure to reasonably excuse her neglect in filing an answer to the complaint, and her lack of promptness in filing a petition to open the default judgment. A party seeking to open a default judgment must satisfy all three of the previously stated conditions before a default judgment will be opened. *McCoy v. Public Acceptance Corporation*, supra. Thus, in view of our express holding that appellant has failed to satisfy the requirement that the petition to open be filed promptly, a proper basis exists for affirming the order of the lower court even though we are of the opinion that appellant reasonably explained her failure to timely answer the complaint.

2. Different counsel represents appellant on this appeal.

3. It should be noted that "[t]imeliness is measured from the date that notice is received of the entry of the default judgment." *Ruczynski v. Jesray Constr. Corp.*, supra, 457 Pa. at 512.

weeks in *Telles v. Rose-Tex, Inc.*, 233 Pa. Superior Ct. 181, 335 A.2d 440 (1975); and 97 days in *Hersch v. Clapper*, supra.

As the lower court opinion states: "No excuse has been offered for this six month delay except the defendant's limited understanding of the proceedings and her general distrust of attorneys. Although defendant did discharge her counsel for a brief period in May, 1974, that disruption does not justify a delay of this proportion." Appellant's present counsel now directs our attention to the fact that former counsel, upon being retained, sought to negotiate an amicable settlement with the appellee. The record, however, is totally devoid of any evidence that these negotiations were merely a tactic on the part of the appellee designed to confuse appellant or lull her into a false sense of security. See *Good v. Sworob*, 420 Pa. 435 (1966); *Hersch v. Clapper*, supra. No matter what weight we give to appellant's admittedly limited understanding of the proceedings instituted against her, the inescapable fact remains that she was represented by counsel for six months before a petition to open was filed, and no satisfactory reason has been advanced to excuse this tardiness. On these facts, appellant did not satisfy the requirement of promptly filing the petition to open judgment.

While we sympathize with appellant's unfortunate plight, we cannot conclude that the lower court abused its discretion in refusing to open the judgment.

Order affirmed.