457 A.2d 518

**Dorothy A. BOYLE and Roland J. Christy, Esquire, Executors of the Estate of Philip Horstman, Deceased**

**v.**

**Violet M. HORSTMAN, Lansdowne Savings and Loan Association and Marple Newtown Federal Savings and Loan Association.**

**Appeal of Violet M. HORSTMAN.**

**Dorothy A. BOYLE and Roland J. Christy, Esquire, Executors of the Estate of Philip Horstman, Deceased, Appellants,**

**v.**

**Violet M. HORSTMAN.**

Superior Court of Pennsylvania.

Argued April 22, 1982.

Filed Jan. 21, 1983.

Reargument Denied April 4, 1983.

Petition for Allowance of Appeal Denied July 22, 1983.

---

David A. Scholl, Bethlehem, for Horstman.

Roland J. Christy, Spring House, pro se and for Dorothy A. Boyle.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WIEAND, Judge:

On June 9, 1976, Violet M. Horstman filed a petition to open a judgment which had been entered against her on January 14, 1966. After protracted proceedings, the trial court denied the petition on September 30, 1981. The reasons cited by the court in support of its order were (1) the long delay in moving to open the judgment and (2) Ms. Horstman's failure to explain the default which resulted in the entry of the judgment against her. On appeal, she contends that the court failed to consider the equities and erred in refusing to open the judgment. We disagree and affirm the order of the learned trial judge.

The history of the litigation between Philip H. Horstman and Violet M. Horstman is tortuous. It began with the filing of a complaint on May 11, 1957. By that complaint Philip sought to enjoin his wife, Violet, from utilizing and/or disposing of certain bank accounts and other jointly owned property. An apparent settlement was agreed upon, but, because of Violet's subsequent rejection of its terms, it was not consummated. Therefore, on December 21, 1962, an amended complaint was filed, which included an additional prayer for partition of entireties real estate. During the course of proceedings thereon, Violet Horstman was ordered to disclose certain financial information. She refused to do so. A petition to hold Violet in contempt because of such refusal was filed by Philip on March 16, 1962. The requested information remained undisclosed when, on February 9, 1963, Philip Horstman died. The executors of his estate were thereafter substituted as plaintiffs, and, on April 16, 1963, they obtained a second court order directing Violet to deliver the financial information to their attorney. Violet continued her refusal to deliver this information despite the subsequent commencement of at least two attachment proceedings against her. Finally, Philip's executors filed a motion for the entry of judgment, and the court set a hearing thereon for January 7, 1966 at 10:00 a.m.

Despite notice, neither Violet nor her attorney appeared. The hearing was continued until January 14, 1966, and notice thereof was again given. When Violet persisted in her refusal to appear, the court entered judgment against her for $12,101.64 and decreed that Philip's executors were the owners of a one-half interest in the marital home situated in Broomall, Delaware County.

The monetary judgment was revived on August 19, 1974, following which two of Violet's savings accounts were attached by garnishment proceedings. On October 4, 1974, Violet filed a petition to strike the judgment. In due course, the petition was denied. That denial was affirmed per curiam in *Horstman v. Horstman*, 236 Pa.Super. 715, 347 A.2d 726 (1975), and allocatur was denied by the Supreme Court on February 9, 1976.

On June 9, 1976, the petition to open judgment which is presently at issue was filed. The trial judge, the Honorable Robert A. Wright, described the ensuing sequence of events: "Thereafter ... followed a most frustrating sequence of events involving counsel for both adversaries and attempts to conduct and complete certain discovery by way of written Interrogatories and oral Depositions. Counsel for both sides have embarked upon conduct which has delayed the resolution of this matter and which has brought uncomplimentary publicity into the picture. Delay upon delay has been introduced into this litigation, by both sides, even in the face of clear and explicit Orders of this Court. Three Orders of this Court have been appealed to the Superior Court since February of 1978, all three Appeals being quashed and remanded for further proceedings consistent with our Order of February 27, 1978 [which] set out a complete and specific discovery deadline schedule." Trial court opinion of September 30, 1981 at p. 5. Upon the completion of extensive discovery, a hearing was held in the trial court following which, on September 30, 1981, appellant's petition to open was dismissed.

Additional appeals from various orders entered during the course of the proceedings to open judgment were filed

by both parties. By order of March 1, 1982 all appeals were consolidated. However, the impropriety of appeals from interlocutory orders, in the absence of statutory authority therefor, is well established. *Robinson v. Pocono Futures, Inc.*, 275 Pa.Super. 44, 418 A.2d 602 (1980) (collecting cases); 42 Pa.C.S. §§ 742, 702(a), (b); Pa.R.A.P. 311, 312. Thus, appeals from orders supervising the use of depositions and interrogatories during the proceedings to open the judgment must be quashed.[1] Our review is limited to the order determining finally the petition to open the judgment entered against the appellant.

A petition to open judgment is a matter of judicial discretion. It is an appeal to the court's equitable powers and is to be exercised only when three factors coalesce. The petition must have been promptly filed; a meritorious defense must be shown; and the default must be reasonably explained. *Kabanow v. Kabanow*, 239 Pa.Super. 23, 24–25, 361 A.2d 721, 722 (1976). See also: *Penneys v. Richard Kastner Co., Inc.*, 297 Pa.Super. 167, 169, 443 A.2d 353, 354 (1982); *Bahr v. Pasky*, 293 Pa.Super. 404, 406–407, 439 A.2d 174, 175 (1981); *Conti v. Shapiro, et al.*, 293 Pa.Super. 301, 304, 439 A.2d 122, 124 (1981); *Ruggiero v. Phillips*, 250 Pa.Super. 349, 353, 378 A.2d 971, 973 (1977). A trial court's decision will not be reversed in the absence of a manifest abuse of that discretion. *Butterbaugh v. Westons Shopper City, Inc.*, 300 Pa.Super. 331, 334, 446 A.2d 641, 642 (1982); *Penneys v. Richard Kastner Co., Inc., supra; Paules v. Sminkey*, 290 Pa.Super. 223, 227, 434 A.2d 724, 726 (1981); *Cruse v. Woods*, 279 Pa.Super. 242, 245, 420 A.2d 1123, 1124 (1980).

In the case *sub judice* the trial judge concluded, and we are constrained to agree, that appellant neither filed her petition to open promptly nor offered an adequate explanation for the default which resulted in the judgment against

[1]. Because the appeal of the executors from an interlocutory order is being quashed, we find it unnecessary to decide their petition to be relieved from printing the record and for an extension of time within which to file an appellants' brief at No. 2904 Philadelphia, 1981.

her. We also observe that she has failed to state a meritorious defense.

Although appellant argues what she terms "the gross equities" of the case, she would have us ignore the 10½ year delay which occurred before she filed her petition to open. This delay is unexplained. So also is her refusal to appear for hearing or comply with those court orders which resulted in the entry of judgment against her. Moreover, an examination of her petition to open judgment discloses the failure to present a defense to the amended complaint of her husband in which she was charged with excluding her husband from entireties property and using the same for her separate purposes. Her only contention is that the judgment against her was improperly entered and, therefore, is defective. However, this issue was previously decided in response to the motion to strike. " '[I]ssues decided by an appellate court on a prior appeal between the same parties will not be reconsidered on a second appeal.' *Albright v. Wella Corporation,* [240 Pa.Super. 563, 567, 359 A.2d 460, 463 (1976) ] .... 'Under any other rule, litigation would never cease, and finality and respect for orderly processes of law would be overcome by chaos and contempt.' *Haefele v. Davis,* [380 Pa. 94, 98, 110 A.2d 233, 235 (1955) ]." *Daniels v. State Farm Mutual Automobile Insurance Co.,* 305 Pa.Super. 352, 356, 451 A.2d 684, 686 (1982). Thus, the prior determination that the record supported the judgment is conclusive and binding with respect to appellant's contention that the judgment was improperly entered because of outstanding preliminary objections to the complaint and because of insufficient notice of the hearings which appellant failed to attend.

In brief, the equities do not favor the opening of this judgment. Appellant has been guilty of unexplained delay and has failed to explain her default. The trial court could properly conclude that appellees were entitled to a termination of further litigation and the finality of the judgment which had been entered in their favor on January 14, 1966.

The order of September 30, 1981 is affirmed.