473 A.2d 1093

**F. Brian DODSON and Lisa A. Dodson, his wife, Appellants,**

v.

**N. JOHN CUNZOLO & ASSOCIATES ARCHITECTURAL CLAY PRODUCTS, INC., a Corporation Capitol Tile Import Co., a Foreign Corporation.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1984.

Filed March 30, 1984.

284

Frederick W. Bode, III, Pittsburgh, for appellants.

Errol S. Miller, Pittsburgh, for appellees.

Before WIEAND, TAMILIA and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the Order of the Court of Common Pleas of Allegheny County (per Judge McGowan) granting a petition to open judgment. We reverse.

On May 26, 1981 plaintiffs-appellants (F. Brian Dodson and Lisa D. Dodson) filed a complaint in assumpsit and trespass against the defendants-appellees (N. John Cunzolo & Associates, Architectural Clay Products, Inc. and Capitol Tile Import Co.). Therein, appellants alleged, in relevant part, that:

> 2.  ... the defendant, N. John Cunzolo ... was employed by the plaintiff[s] as a general contractor to oversee and construct a residence for the plaintiff[s]
>
> ....
>
> *     *     *     *     *     *
>
> 7.  ... the defendant, N. John Cunzolo & Associates, subcontracted with Architectural Clay Products, Inc., ... and Capitol Tile Import for the purpose of

laying ceramic Italian tile in the foyer, kitchen and bathroom areas.

8. ... the defendant breached its contract with the plaintiff[s] by failing to properly supervise, inspect and employ responsible subcontractors for the completion of the residence....

9. ... the defendant breached its contract with the plaintiff by purchasing defective Italian tile, which failed to meet the specific flooring standards established by the plaintiff[s] and the defendant.

> \*     \*     \*     \*     \*     \*

11. ... as a direct and proximate result of the breach of contract by the defendant, ... the plaintiffs and their residence have sustained damage in that the aforesaid tile cracked and chipped necessitating its removal and replacement.

In the remaining portion of the complaint, the appellants sought recoupment of damages against the general contractor, the subcontractor (Architectural Clay Products, Inc.) and the distributor or seller (Capitol Tile Import Co.) of the purportedly defective tile under theories of strict liability (Section 402(a) of the Restatement (Second) of Torts) and express and implied warranties provided for by the Uniform Commercial Code.

At this point, it requires mentioning that, inasmuch as the petition to open was granted so as to afford "the Defendant, Capitol Tile Import Company, ... permi[ssion] to enter a defense[,]" we need only concern ourselves with the facts affecting this party-litigant.

The record discloses that a copy of the complaint was sent "by certified return receipt mail" to the New Jersey based Capitol Tile Import Co., which was signed as having been received by it on June 4, 1981 by "R. Giordano".

On August 3, 1981, the plaintiffs submitted a praecipe with the prothonotary of Allegheny County requesting that a judgment be entered against Capitol Tile Import Co. "for the defendant's failure to file an Answer to the plaintiff's

[sic] Complaint or enter an appearance." Attached to this praecipe was an affidavit of service documenting the fact that, pursuant to Pa.R.Civ.P. 237.1, Capitol Tile Import Co. was sent notice by mail on July 21, 1981 of the plaintiffs' intention to seek a default judgment. The docket entry reads that on "Aug. 3, 1981, Judgment entered against Capitol Til [sic] Import Co. for failure to answer. Notice mailed 8–3–81, filed." The next action we see being taken is the filing of a petition by counsel for Capitol Tile Import Co. on October 2, 1981 seeking, on equitable grounds, a rule to open. Not disputing the timely receipt of the complaint, the notice of intention to enter judgment or praecipe for judgment, counsel asserted that:

5. Capitol is insured under a certain policy of liability insurance issued by Aetna Casualty and Surety Company (hereinafter referred to as "Aetna"). Pursuant to said policy Aetna may be required to provide Capitol with a defense to the claim of plaintiffs in the within action.

6. As a result of the aforementioned insurance policy Aetna may be required to satisfy a portion of the judgment presently held by plaintiffs.

7. Aetna was first notified of the instant suit on or about August 24, 1981 through written correspondence to its Parsippany, New Jersey branch office, said notice having been received by Aetna 15 days after default judgment was entered.

8. On August 25, 1981 Aetna's Pittsburgh branch office was notified of the suit pending in Allegheny County. On this same date Aetna retained counsel. Said counsel immediately contacted plaintiffs' counsel who informed him that a Judgment by Default had been entered.

9. On August 25, 1981 counsel for Aetna requested the consent of plaintiffs to open the default judgment. Plaintiffs' counsel advised defendant's counsel that he would contact plaintiffs with regard to said request. On September 11, 1981, plaintiffs' counsel

informed defense counsel that plaintiffs would not grant said consent, hence this Petition.

10. Defendant Capitol denies that the ceramic tiles in question were defective or that it has breached any express or implied warranties to plaintiffs. Further, defendant believes and therefore avers that it may be entitled to contribution and/or indemnity from the manufacturer of said tile, who it intends to join as a party to this action.

The rule was granted on October 10, 1981 and, thereafter, defendant filed a notice to depose a John Pittenger, claims supervisor for Aetna Casualty & Surety, its insurance carrier.

At the October 29, 1981 deposition, Mr. Pittenger gave a qualified "yes" to the question of whether Aetna was required to provide a defense to Capitol Tile Import Co. for claims made against the insured for product liability. This was so since the witness did not have the policy of insurance before him and it was not written out of the Pittsburgh office. Thus, in making his response, he was relying upon the "claim face sheet," a document indicating that Capitol Tile Import Co. was covered for product liability suits.

Mr. Pittenger testified that he learned of the instant suit on August 25, 1981 from a Dave Fitzgerald, one of the other supervisors in the Pittsburgh office. Mr. Fitzgerald had left a written note for Pittenger "indicating that [Fitzgerald] had received a call from a supervisor in [the] North Jersey office" who had told him about the suit. After receiving this communique, Mr. Pittenger contacted the law firm representing Capitol Tile Import Co. in Pittsburgh to determine the status of the complaint.

The first either the witness or Mr. Fitzgerald learned of the default judgment was on August 25, after Mr. Pittenger had conversed with counsel for Capitol Tile Import Co. At this time, Mr. Pittenger made a decision to try to open the judgment.

When questioned by counsel for the plaintiffs, the succeeding discourse ensued:

Q ... Mr. Pittenger, do you have any idea why you weren't contacted prior to August 25, 1981 concerning this lawsuit?

A I would have to give you a qualified answer in that I would assume from the file that our first notice as a carrier was some time between August 21 and August 25. *As to why, I have no idea.*

Q So, you're unaware of any reason why?

A No, I am unaware of any reason.

&ast; &ast; &ast; &ast; &ast; &ast;

Q Are you aware of the procedures that Capitol Tile uses when they get a complaint in their office—the procedures that they follow?

A I have no knowledge whatsoever.

Q Are you aware of the procedures that they follow when they get a notice—the important notice regarding a default judgment?

A I have no knowledge of that.

Q You are also not aware of whether or not a meritorious defense exists in this case; is that correct?

&ast; &ast; &ast; &ast; &ast; &ast;

A . I don't think I know enough about the case at this point to give an answer.

(Emphasis added) (N.T. 8 & 9)

Concerning the dates regarding the filing of the notice to take a default judgment and the entry of same, the witness also testified that he was told by counsel for Capitol Tile Import Co. as to when they occurred. He had not acquired such information through company channels, despite the fact that Aetna instructs all those with whom it deals "to promptly report any loss[.]" (N.T. 11) He assumed that an agent would do the same. However, when asked by plaintiffs' counsel "if [he] ha[d] any idea why they [Capitol] failed to inform [him] of the default judgment," Mr. Pittenger answered, "I don't have any idea at all, no." (N.T. 12)

The scenario continues with the trial court's entry of an Order dated February 1, 1981, opening the judgment to allow Capitol Tile Import Co. the opportunity to present a defense.

The court found, based upon "oral argument ... the briefs, depositions and affidavit filed" that Capitol Tile Import Co. had met all three prongs necessary to warrant the opening of a default judgment. This appeal followed.

Based on our review of the record evidence, we do not agree that Capitol Tile Import Co. has established either a meritorious defense or that it has presented a reasonable excuse for its failure to enter an appearance or file an answer. Such being the case, we need not embark on a discourse of whether the petition to open was promptly filed. *See American Vending Co. v. Brewington,* 289 Pa.Super. 25, 432 A.2d 1032 (1981). The fact that it may have been does not outweigh the absence of the other two factors, which we consider has tipped the scales against a finding in favor of Capitol Tile Import Co. *See Provident Credit Corp. v. Young,* 300 Pa.Super. 117, 446 A.2d 257 (1982).

■ As to the viability of Capitol Tile Import Co.'s defense to the complaint, we find that it took the form of an "Answer and New Matter," the truth of which was sworn to in an "affidavit" by Seymour Katz, President and Chief Executive Officer of Capitol, *dated March 1, 1982* and filed with the prothonotary on March 8. The problem arises because the trial court granted the petition to open by Order *dated February 1, 1982,* 29 days *prior to* the securement of the defense upon which the court asserted it looked to in opening the judgment. We would normally not find this a problem, except that, as is evident from our recounting of the facts *supra,* there is absolutely no support for an argument that a defense was submitted by the defendant-Capitol Tile Import Co. in any other document to the court, be it in the nature of a brief, pleading or deposition. To do otherwise, would be the equivalent of placing the proverbial "cart before the horse." Being a court of "conscience," *see*

*Provident Credit Corp. v. Young, supra,* we cannot condone such an aberration of the law in light of the facts.

■ Turning to the last point concerning the "reasonableness" of defendant's excuse in delaying in filing a petition to open after the default judgment was entered, we have carefully scrutinized the record and conclude that no valid reason has been advanced as to why Capitol Tile Import Co. waited as long as it did to file a petition to open when it had *notice* of the impending and ultimate default judgment.

Accordingly, the Order of the court below is reversed, and the plaintiffs-appellants are to have judgment entered in their favor as though no petition to open had ever been granted.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

I concur in the result. Although Capitol Tile Import Co. alleged a meritorious defense, i.e., that the ceramic tile was not defective, it failed to offer a reasonable excuse for the two months default which enabled appellants to enter a default judgment.