482 A.2d 249

**RIDGID FIRE SPRINKLER SERVICE, INC., Appellant,**

v.

**S. Solis CHAIKEN and Selma Chaiken, H/W, and Ronald C. Carr.**

Superior Court of Pennsylvania.

Argued March 14, 1984.

Filed Sept. 7, 1984.

address the third argument as it is not raised in appellants' statement of questions.

214

216

David C. Harrison, Philadelphia, for appellant.

Joseph Rappaport, Philadelphia, for appellees.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

Ridgid Fire Sprinkler Service, Inc. has appealed from an order of the trial court opening a judgment obtained by default against Selma Chaiken. Because Mrs. Chaiken's petition to open was not timely filed and because she failed to offer a reasonable excuse for her default, we conclude that it was an abuse of discretion to open the judgment. Therefore, we reverse.

A petition to open a default judgment is an appeal to the court's equitable powers. *Boyle v. Horstman*, 311 Pa.Super. 109, 113, 457 A.2d 518, 520 (1983); *Provident Credit Corp. v. Young*, 300 Pa.Super. 117, 123, 446 A.2d 257, 260 (1982); *Penneys v. Richard Kastner Co.*, 297 Pa.Super. 167, 169, 443 A.2d 353, 354 (1982). The grant or denial of a petition to open a default judgment is a matter vested in the sound discretion of the trial court, whose decision thereon will not be reversed in the absence of an abuse of discretion or error of law. *Bildstein v. McGlinn*, 320 Pa.Super. 416, 418–419, 467 A.2d 601, 602 (1983); *Academy House Council v. Phillips*, 312 Pa.Super. 364, 369, 458 A.2d 1002, 1005 (1983); *N.H. Weidner, Inc. v. Berman*, 310 Pa.Super. 590, 592, 456 A.2d 1377, 1379 (1983). In determining whether a judgment by default should be opened, the court acts as a court of conscience. *Kraynick*

*v. Hertz,* 443 Pa. 105, 111, 277 A.2d 144, 147 (1971); *Bildstein v. McGlinn, supra* 320 Pa.Super. at 419, 467 A.2d' at 603; *Provident Credit Corp. v. Young, supra* 300 Pa.Super. at 124, 446 A.2d at 261. "In order to open a default judgment, the Petition to Open must be: (1) promptly filed, (2) state an adequate excuse why a timely answer was not filed, and (3) show a meritorious defense." *Keystone Boiler Works, Inc. v. Combustion & Energy Corp.,* 294 Pa.Super. 145, 148, 439 A.2d 792, 794 (1982). See also: *Sines v. Packer,* 316 Pa.Super. 500, 503, 463 A.2d 475, 477 (1983); *Triffin v. Thomas,* 316 Pa.Super. 273, 277, 462 A.2d 1346, 1348–1349 (1983); *Carson Pirie Scott & Co. v. Phillips,* 290 Pa.Super. 353, 356, 434 A.2d 790, 791 (1981). "All three criteria must be met, and the three requirements must 'coalesce'." *Keystone Boiler Works, Inc. v. Combustion & Energy Corp., supra,* 294 Pa.Super. at 148, 439 A.2d at 794; *American Vending Co. v. Brewington,* 289 Pa.Super. 25, 28, 432 A.2d 1032, 1034 (1981).

Appellant filed a complaint in assumpsit against S. Solis Chaiken, his wife Selma, and Ronald C. Carr [1] to recover the unpaid cost of services rendered and fixtures installed upon real estate allegedly owned at various times by the several defendants. Service of process was made on Mr. and Mrs. Chaiken on July 10, 1981, when a deputy sheriff personally handed a copy of the complaint to Mrs. Chaiken at the Chaiken home. When the Chaikens failed to respond to the complaint, a notice of intent to take a default judgment was mailed by appellant to the Chaikens at their home on August 7, 1981. On August 24, 1981, judgment by default was entered against the Chaikens in Philadelphia, and notice thereof was sent to Mr. and Mrs. Chaiken by the prothonotary pursuant to Pa.R.C.P. 236. The judgment was thereafter transferred to Montgomery County on October 19, 1981, and notice of the entry of judgment in that county was also given. A Petition to Open the default judgment was filed by the Chaikens in Philadelphia County

[1]. The action against Carr is not relevant to this appeal; and, therefore, we make no further reference to it in this opinion.

on December 10, 1981. The trial court granted the petition with respect to Mrs. Chaiken but refused to open the judgment against Mr. Chaiken. This timely appeal followed from the order opening the judgment against Mrs. Chaiken.[2] For purposes of this opinion, Mrs. Chaiken only will be referred to as the "appellee."

In a Petition to Open Judgment, appellee asserted that she had never had any ownership interest in the premises to which appellant had made repairs and that she had not been a party to any contract for such repairs. She alleged that she had been ill when the complaint was served, had mislaid the complaint, and had neglected to call it to her husband's attention. She cited as a reason for opening the judgment that appellant had failed to forward a copy of the complaint to her lawyer and that appellant had also failed to send to her lawyer a notice of intent to enter judgment by default. The trial court based its decision to open judgment on these considerations. Appellant contends that this was error. It is argued that appellee's default was unexplained and that her dilatoriness in failing to file promptly a petition to open should have precluded the opening of the judgment. Appellant contends also that it was error for the trial court to require that notice under Pa.R.C.P. 237.1(a) be given to counsel who had not previously entered an appearance of record on appellee's behalf.

 Timeliness of a petition to open a default judgment is measured from the date of notice that the default judgment has been entered. *Ruczynski v. Jesray Construction Corp.*, 457 Pa. 510, 512, 326 A.2d 326, 328 (1974); *Kabanow v. Kabanow*, 239 Pa.Super. 23, 26 n. 3, 361 A.2d 721, 723 n. 3 (1976). Appellee conceded in depositions that she had received notice of the entry of judgment. Moreover, Joseph Rappaport, Esquire, representing himself to be the Chaikens' lawyer, had called appellant's counsel three days after entry of the judgment. Nevertheless, a petition to open the judgment was not filed until December 10, 1981, 108 days

---

**2.** S. Solis Chaiken filed no appeal from the order refusing to open the judgment entered against him.

after the judgment had been entered in Philadelphia County and more than seven weeks after it had been transferred to Montgomery County. Such a petition was not timely. See: *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 500, 305 A.2d 698, 700 (1973) (two and one-half weeks); *Pappas v. Stefan*, 451 Pa. 354, 358, 304 A.2d 143, 146 (1973) (55 days); *Dodson v. N. John Cunzolo & Associates Architectural Clay Products, Inc.*, 326 Pa.Super. 283, 288, 473 A.2d 1093, 1096 (1984) (2 months); *Bottero v. Great Atlantic & Pacific Tea Co.*, 316 Pa.Super. 62, 70, 462 A.2d 793, 797–798 (1983) (unexplained six week delay following negotiations); *Mahler v. Emrick*, 300 Pa.Super. 244, 247, 446 A.2d 321, 323 (1982) (2 months); *Keystone Boiler Works, Inc. v. Combustion & Energy Corp., supra* 294 Pa.Super. at 150, 439 A.2d at 795 (3 months); *American Vending Co. v. Brewington, supra*, 289 Pa.Super. at 33, 432 A.2d at 1036 (2½ months); *Hatgimisios v. Dave's N.E. Mint, Inc.*, 251 Pa.Super. 275, 276–277, 380 A.2d 485, 486 (1977) (37 days too long if unexplained); *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 124, 380 A.2d 404, 409 (1977) (63 days); *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 537–538, 375 A.2d 368, 371 (1977) (47 days); *Carducci v. Albright Galleries, Inc.*, 244 Pa.Super. 48, 51, 366 A.2d 577, 579 (1976) (54 days); *Hofer v. Loyal Order of Moose*, 243 Pa.Super. 342, 346, 365 A.2d 1254, 1256 (1976) (47 days); *Reliance Insurance Cos. v. Festa*, 233 Pa.Super. 61, 64–65, 335 A.2d 400, 401–402 (1975) (71 days).

 Appellee contended in the court below, as she does on appeal, that the delay should be excused because her attorney had been attempting to obtain a satisfactory settlement from counsel for appellant. There was no evidence, however, that appellant or its counsel had engaged in conduct designed to confuse appellee or lull her into a false sense of security. Under these circumstances, it does not adequately explain the delay in filing a petition to open that appellee's counsel was attempting to obtain a settlement for less than the full amount of the judgment. *Hersch v. Clapper*, 232 Pa.Super. 550, 553, 335 A.2d 738, 741 (1975).

Accord: *Kabanow v. Kabanow, supra* 239 Pa.Super. at 27, 361 A.2d at 723. Compare: *Butterbaugh v. Westons Shopper City, Inc.*, 300 Pa.Super. 331, 446 A.2d 641 (1982). In the instant case, appellee's counsel called appellant's counsel on August 27, 1981. During this conversation, counsel denied that appellee or her husband was liable for work done while Carr was record owner of the premises and stated that counsel would be in touch with appellant's counsel after he had had a chance to discuss the claim further with appellee and her husband. There was no further communication between the parties or their attorneys for sixty-one days. Finally, on October 27, 1981, after the judgment had been transferred to Montgomery County and a new notice had been sent to appellee and her husband, their counsel, who still had not entered an appearance, called appellant's counsel once again. Offers of settlement thereafter made on October 27 and November 11, 1981 were rejected by appellant. A petition to open the judgment was not filed until December 10, 1981. These facts do not present a scenario sufficient to excuse appellee's delay in filing a petition to open the default judgment. Despite knowledge of the default judgment, appellee and her counsel chose to ignore the judgment for two months until appellant took further action by having the judgment transferred to the county of appellee's residence. Even then, another seven weeks expired without action. It cannot be said under these circumstances that appellee exercised due diligence in protecting her rights. Rather, she "slept on [those] rights and thus waived any claim to any defect in the judgment not appearing of record." *Penn Clair Construction Co. v. Eden Roc Country Club*, 294 Pa.Super. 377, 381, 440 A.2d 514, 516 (1981) (footnote omitted).

Appellee also failed to explain adequately the default which resulted in the entry of judgment against her. Appellant's complaint, duly endorsed with notice to defend, was served personally on appellee on July 10, 1981. On August 7, 1981, the notice of default required by Pa.R.C.P.

237.1(a) was sent and, as confirmed by the depositions of appellee's husband, was received. A default judgment was entered on August 24, 1981, a period of forty-five days after service of the complaint.

 Appellee said that she had realized the complaint was a legal document but had left it on the windowsill in the dining room and went to bed because she had had a bad cold. The complaint was then forgotten because appellee's father and sister were visiting her. Appellee's failure to act in response to the notice of default is also unexplained. Appellee's temporary illness did not excuse the cavalier manner in which she and her husband treated the complaint and the subsequent notice of default. Although unfortunate, temporary illness in the form of a cold which does not impair one's ability to read or understand the papers served will not excuse carelessness which permits a complaint to remain unanswered for forty-five days. See: *Bahr v. Pasky*, 293 Pa.Super. 404, 411, 439 A.2d 174, 177–178 (1981).

 The opinion of the trial judge discloses that he, too, was dissatisfied with appellee's explanation for her default in answering appellant's complaint. He excused the default solely because appellant had not sent to appellee's attorney a copy of the notice of intention to enter judgment by default. This was error. There is no requirement that notice be given to counsel who has not entered an appearance; and failure to give such unnecessary notice will not excuse a defendant's default.

Pa.R.C.P. 237.1(a) provides as follows:

No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered *and to his attorney of record, if any*, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and

a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

(emphasis added). This rule requires that notice of an intention to enter judgment by default be given "to the party against whom judgment is to be entered and to his attorney of record, if any...." In this case, notice was given to appellee and her husband. However, no appearance had been entered on their behalf by an attorney. Thus, there was no attorney of record.

"The purpose of Rule 237.1 is to assure that default judgment is not entered without prior notice to the defendant." *Brown v. Great Atlantic & Pacific Tea Co.*, 314 Pa.Super. 78, 85, 460 A.2d 773, 777 (1983). The rule "was enacted because of the inequities which inured to a party when a default judgment was taken without notice on the next day or within a few days after the deadline for filing an answer to the complaint." *Mahler v. Emrick, supra,* 300 Pa.Super. at 249, 446 A.2d at 324. It was promulgated in response to an increasing number of "snap judgments," a practice sharply criticized by this Court. We said that "[a]ttempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to take a default judgment, or the lack thereof, is properly made a significant factor in reaching a just decision." *Carson Pirie Scott & Co. v. Phillips, supra* 290 Pa.Super. at 358, 434 A.2d at 792, quoting *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super. 369, 374, 396 A.2d 799, 802 (1979). Both the letter of the rule and its spirit were served in the instant case. Judgment was not taken immediately after appellee and her husband went into default. Notice of an intention to enter judgment was given as required. The judgment, therefore, cannot be characterized as a "snap judgment."

The requirement that notice be given to counsel of record is not burdensome and serves as additional protec-

tion against "snap judgment." It would be unreasonable, however, to impose upon an innocent plaintiff the burden of ascertaining at his peril the identity of defendant's counsel when no attorney has entered an appearance of record. The rule does not impose such an onerous burden. It avoids any requirement that a plaintiff speculate about the identity of attorneys to whom notice should be given. Notice is not required to be given to an attorney who may have represented the defaulting party on some prior occasion in the past. Thus, in the instant case, the fact that appellee's counsel had discussed appellant's claim with the latter's attorney on an occasion more than eight months prior to commencement of suit did not dictate that he receive notice under Pa.R.C.P. 237.1(a). Only counsel of record is entitled to such notice.

Finally, it is not entirely without significance that the trial court, which opened the default judgment entered against appellee, found insufficient equitable reasons to open the judgment against appellee's husband. The defendants were husband and wife and resided together in the same house. The circumstances pertaining to the default of the husband and his failure to act promptly to open the judgment were the same as those which pertained to appellee. Although the court found that appellee had a potential defense if she did not contract for the work done by appellant, her husband had alleged that he, too, had a defense in that, except for $854.00, he had not contracted for the work done by appellant.

■ Because appellee's default in responding to the complaint was not explained or excused and because the delay in moving to open the default judgment after it had been entered demonstrated additional dilatoriness, we are constrained to conclude that the judgment should not have been opened and that to do so was an abuse of discretion.

Order reversed and judgment reinstated.