## Didyk v. Burns

*John H. Kennedy*, for plaintiffs.
*John J. Aponick and Susan M. Rooney*, for defendants.

DALESSANDRO, *J.*, March 14, 1986—

## NATURE OF PROCEEDINGS

This matter is before the court on defendants' petition to open default judgment and petition to join an additional defendant nunc pro tunc.

## HISTORY AND FACTS

On December 6, 1982, in Wilkes-Barre, a 1978 Buick owned by female defendant and operated by male defendant allegedly collided with a motorcycle on which plaintiff Didyk was riding as a passenger. Plaintiffs, residents of Dallas, Pa., filed a complaint on November 13, 1984 and seek to recover medical expenses, loss of earnings and pain and suffering; defendants were personally served at their residence in Wilkes-Barre on November 14, 1984 by a deputy sheriff. On January 3, 1985, a notice of intent to enter a default judgment was sent by plaintiffs by regular mail to defendants' residence and to defendants' automobile liability insurance carrier. Pursuant to plaintiffs' praecipe for default judgment for want of an appearance or answer, judgment was entered in favor of plaintiffs by the prothonotary of Luzerne County on January 16, 1985.

On September 16, 1985, defendants filed a petition to open default judgment and a petition to join an additional defendant nunc pro tunc; plaintiffs' answers were filed on September 26, 1985. These petitions are presently before the court.

## DISCUSSION AND LAW

A motion to open judgment addresses itself to irregularities predicated on matters outside the record. National Recovery Systems v. Monaghan, 322 Pa. Super. 183, 469 A.2d 244 (1983). "In determining whether a judgment by default should be

opened, the court acts as a court of conscience." Ridgid Fire Sprinkler Service v. Chaiken, 333 Pa. Super. 213, 216-217, 482 A.2d 249, 251 (1984). The Pennsylvania Supreme Court has held as follows:

"A petition to open a judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. The court will only exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; *and* (3) the failure to appear can be excused." (Emphasis in original; citations omitted.) Schultz v. Erie Ins. Exchange, 505 Pa. 90, 93, 477 A.2d 471, 472 (1984).

Defendants argue that they have squarely met the three requirements as enumerated in Schultz, supra, and are entitled to have the judgment against them opened. All three criteria must be met, and the three requirements must coalesce. McCoy v. Public Acceptance Corp., 451 Pa. 495, 498, 305 A.2d 698, 700 (1973); Keystone Boiler Works, Inc. v. Combustion & Energy Corp., 294 Pa. Super. 145, 148, 439 A.2d 792, 794 (1982).

Timeliness of a petition to open a default judgment is measured from the date of notice that the default judgment has been entered. Ruczynski v. Jesray Construction Corp., 457 Pa. 510, 512, 326 A.2d 326, 328 (1974); Ridgid Fire Sprinkler Service, supra, at 218, 482 A.2d at 252. In the case sub judice, defendants aver in their petition that the entry of default judgment was received by Allstate's claim representative[1] on or about January 21, 1985; on January 22, 1985, John J. Aponick, Jr., Esq., counsel for Allstate, was notified of the default and

---

1. During the time period pertinent to this proceeding, defendants' automobile liability insurance carrier was Allstate Insurance Company (Allstate).

called plaintiffs' counsel, requesting concurrence in defendants' proposal to open the default judgment. Nevertheless, a petition to open the judgment was not filed until September 16, 1985, 238 days after the judgment had been entered in Luzerne County. However, defendants maintain that the petition was timely filed inasmuch as plaintiffs' counsel indicated to a representative of Allstate that he would recommend to his clients that the judgment be opened.[2] Nevertheless, by defendants' own averment as contained in paragraph 26 of their petition, they had notice as of May 21, 1985 that plaintiffs would not stipulate to open the default judgment. Defendants slept on their rights for nearly four months before petitioning to open the judgment. Accordingly, under these circumstances, such a petition was not timely filed. See Ridgid Fire Sprinkler Service, supra, at 219, 482 A.2d at 252, and cases cited therein.

In addition, defendants contend that their attorney's attempts to reach a satisfactory settlement should excuse the delay; we disagree. Defendants aver that as late as early August of 1985, their counsel's attempts to negotiate a settlement were unsuccessful. However, the petition to open the judgment was not filed until September 16, 1985, more than one month later. These facts do not present a scenario sufficient to excuse defendants' delay in filing the petition.

Nor do defendants' contentions that plaintiffs misdirected their correspondence to representatives within Allstate's office and that Allstate's claims office moved from Warrington, Pa., to Horsham, Pa., impress this court as sufficient justification for the

---

2. Plaintiffs' counsel denies ever having agreed to open the default judgment.

delay. Defendant Joseph J. Burns confirmed by his deposition taken on April 7, 1985 that he mailed the complaint to Allstate's claim office in Warrington. Although plaintiff's counsel may have sent notices of intention to take a default judgment to a representative of Allstate who had been replaced by someone else, they were not required to do so. See Pa.R.C.P. 237.1.

Finally, defendants contend that the delay should be excused because plaintiffs' counsel was well aware that Mr. Aponick is counsel for Allstate in the Luzerne County area and thus should have notified him of their intention to take a default judgment. It is significant that at no time prior to the entry of default judgment did Mr. Aponick or anyone from his office or any other law office enter their appearance on behalf of defendants. As our Superior Court recently held in Ridgid Fire Sprinkler Service, supra, at 221, 482 A.2d at 254:

"There is no requirement that notice be given to counsel who has not entered an appearance; and failure to give such unnecessary notice will not excuse a defendant's default."

Furthermore, Pa.R.C.P. 237.1(a) provides, in pertinent part:

"(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered *and to his attorney of record, if any,* after the default occurred and at least 10 days prior to the date of the filing of the praecipe. . . ." (Emphasis added.)

In the instant case, notice was given to defendants and their insurance carrier; no notice was given to defendants' attorney because there was no attorney of record. "It would be unreasonable,

however, to impose upon an innocent plaintiff the burden of ascertaining at his peril the identity of defendant's counsel when no attorney has entered an appearance of record." Ridgid Fire Sprinkler Service, supra, at 223, 482 A.2d at 254. Accordingly, defendants' petition to open the default judgment fails to provide a justifiable excuse for its delay.

In their petition, defendants aver that they have meritorious defenses, "including the contributory negligence and comparative negligence of Joseph Maffei, who was operating a 1973 Honda motorcycle on which plaintiff, Kimberly Didyk was a passenger at the time of the accident involved in this case. A petition to open a default judgment must set forth a defense in precise, specific, clear and unmistaken terms and must set forth the facts on which the defense is based." Explo, Inc. v. Johnson & Morgan, 295 Pa. Super. 133, 140, 441 A.2d 384, 388 (1982). Here, no facts are alleged in support of the "defense." Their defenses were not set forth in the petition in clear, unmistaken terms, nor were they set forth in a timely answer to plaintiffs' complaint. We also add that briefs are not a substitute for a pleading or deposition and therefore the facts contained in the briefs are not properly before the court and will not be considered. Sanitary Leasing Services, Inc. v. Lipski, 72 Luzerne L.R. 6, 9 (1981). Accordinly, defendants have failed to offer a meritorious defense.

Defendants further seek to join Joseph Maffei as an additional defendant alleging that as the operator of the motorcycle on which plaintiff Kimberly Didyk was a passenger, he may be alone liable or liable over to defendants because of his negligent act in purposefully laying his motorcycle down on its side and colliding with defendants' vehicle.

Plaintiffs' complaint was served on defendants on

November 14, 1984. No attempt was made by defendants to join an additional defendant within 60 days as specified in Pa.R.C.P. 2253, which provides:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown." However, on September 16, 1985, defendants petitioned the court for leave to join Joseph Maffei as an additional defendant nunc pro tunc after a default judgment had been entered against them on January 16, 1985 for failure to appear or answer.

Rule 2253 does not indicate what constitutes sufficient cause for the court to allow late joinder. Whether there is "cause shown" to justify a late joinder is a matter within the discretion of the trial court. See Zakian v. Liljestrand, 438 Pa. 249, 255, 264 A.2d 638, 641 (1970). As their "cause" for failure to timely join an additional defendant, defendants cite the same reasons which they alleged constituted a reasonable explanation for the delay that occasioned the entry of the default judgment. Inasmuch as this court was not satisfied that defendants presented a reasonable explanation for the delay that occasioned the entry of the default judgment, we are equally not satisfied that defendants have provided sufficient "cause" for failure to timely join an additional defendant.

In their memorandum of law in support of their petition to join an additional defendant nunc pro tunc, defendants rely on Goodrich-Amram 2d §2253:1, wherein it is stated in part as follows:

"Where judgment is entered against the defendant by default, joinder of D2 [an additional defendant] becomes impossible until the judgment is opened . . . However, where judgment is entered by default but damages have not yet been assessed, a joint tortfeasor may be joined whom D1 [original defendant] could separately sue for contribution. There is no prejudice to D2 [additional defendant]." That statement is based on Wible v. Levitz Furniture Co., 73 D.&C.2d 223 (1976), which is distinguishable from the instant case because in Wible, supra, defendant complied with the requirements of the rules as to time limitations even though a default judgment had been entered against it.

Accordingly, for the reasons stated, defendants' petitions do not merit the relief requested. An appropriate order will be issued based on the foregoing conclusions.

## ORDER

Now, this March 14, 1986, it is hereby ordered as follows:

1. Defendants' petition to open default judgment is denied:

2. Defendants' petition to join an additional defendant nunc pro tunc is denied.