# Land Tycoon, Inc. v. Wells Fargo Bank, N.A.

C.P. of Monroe County, No. 2300 CV 2013

*Richard C. Frank* and *Anthony Roberti*, for plaintiffs.
*Sandhya M. Feltes*, for defendant.

ZULICK, *J.*, December 9, 2013—This matter comes before the court on Wells Fargo Bank, N.A.'s petition to open default judgment (the petition). In July, 2006, Faye James purchased property located at 28 Eagle Drive, East Stroudsburg, Pennsylvania (the property). To finance the purchase, Ms. James acquired a first and second mortgage from New Century Mortgage Corporation. The first mortgage was thereafter assigned to Wells Fargo. The second mortgage was assigned to Credit Based Asset Servicing and Securitization, LLC (Credit Based).

In September 2008, Credit Based, holder of the second mortgage, instituted a mortgage foreclosure against Ms. James. A judgment was ultimately obtained, and the property was sold at sheriff's sale in April, 2010. Following that sale, the sheriff issued a deed, in error, to Wells Fargo, despite Wells Fargo not being the creditor exposing the property to the sheriff's sale, and not being the winning bidder. The sheriff then issued a corrective deed to credit based, which took ownership under and subject to Wells Fargo's first mortgage. The property was deeded several times in 2010, eventually becoming the property of Whole Loan Trust 2010, LLC.

In 2011, Wells Fargo instituted a mortgage foreclosure action upon its first mortgage. In 2012, during the pendency of the foreclosure action, Land Tycoon and

Monroe Funding Group, LLP, a non-party to this action, purchased the property at the September, 2010 upset tax sale. Land Tycoon then moved to intervene in the Wells Fargo mortgage foreclosure action.

On March 7, 2013, the Honorable Stephen M. Higgins denied the petition to intervene. Land Tycoon appealed that decision, which is still pending before the Commonwealth Court of Pennsylvania. On March 13, 2013, plaintiffs instituted this quiet title action. Plaintiffs served Wells Fargo at a branch in South Carolina, which was unrelated to the mortgage foreclosure litigation and is not Wells Fargo's principle place of business. Plaintiffs provided no notice to counsel for Wells Fargo, although they were in litigation with Wells Fargo at the time over that very mortgage. Wells Fargo did not respond, and plaintiffs obtained a default judgment on July 31, 2013.[1] That judgment was made final by the prothonotary on September 5, 2013. Wells Fargo filed its petition to open default judgment on September 6, 2013. Plaintiffs opposed the petition. Both parties filed briefs in support of their positions. The matter was argued before the court on November 4, 2013.

---

1. Some confusion exists here because plaintiffs filed two motions for default judgment and obtained two different default orders in this case. The motions were filed on the same day, July 23, 2013 and at the same time, 9:43 a.m. One motion sought relief under P.R.C.P. 1066(b)(1) and one sought relief under P.R.C.P. 1066(b)(3). Two orders were issued, one on July 30, 2013 and one on July 31, 2013. The July 30, 2013 order granted relief under P.R.C.P. 1066(b)(1) and the July 31, 2013 order granted relief under P.R.C.P. 1066(b)(3). Both orders gave Wells Fargo thirty days to file exceptions to the order before it could be made final on praecipe. Plaintiffs filed one praecipe on September 5, 2013 to make both orders final. The next day, Wells Fargo filed a "Petition to Open Default Judgment." Although the petition references only the July 30, 2013 default judgment, the court considers the petition to be directed to both default orders, which arose from service of the same complaint.

## DISCUSSION

"A petition to open judgment is a matter of judicial discretion." *Boyle v. Horstman*, 457 A.2d 518, 520 (Pa. Super. 1983). "The grant or denial of a petition to open a default judgment is a matter vested in the sound discretion of the trial court, whose decision thereon will not be reversed in the absence of an abuse of discretion or error of law." *Bildstein v. McGlinn*, 467 A.2d 601, 602 (Pa. Super. 1983). The traditional criteria for opening a default judgment require that a petition to open default judgment must be: "(1) promptly filed, (2) state an adequate excuse why a timely answer was not filed, and (3) show a meritorious defense." *Ridgid Fire Sprinkler Service, Inc. v. Chaiken*, 482 A.2d 249, 251 (Pa. Super. 1984) (internal citations and quotation marks omitted). "All three criteria must be met, and the three requirements must 'coalesce'." *Id.* (internal citations and quotation marks omitted).

The civil rules have specifically addressed the relief available to open a default judgment in P.R.C.P. 237.3. The rule relaxes the petitioner's burden in opening a default judgment if the petition is filed within ten days of the default judgment:

[i]f the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

P.R.C.P. 237.3(b).

Rule 237.3 does not change the law of opening default judgments. Rather, it "supplies two of the three requisites for opening [default] judgments...by presuming that a petition filed within the required ten-day period is

both promptly filed and with reasonable explanation or legitimate excuse for the inactivity or delay." *Cohen v. Mirin*, 729 A.2d 1236, 1237 n. 3 (Pa. Super. 1999). *Flynn v. America West Airlines*, 742 A.2d 695, 698 (Pa. Super. 1999).

Wells Fargo is entitled to the benefit of Rule 237.3 in this case because its petition was promptly filed. Final judgment was entered by the prothonotary on September 5, 2013. Wells Fargo filed its petition to open default judgment on September 6, 2013, the next day. Wells Fargo has thus established the requirement that its petition be promptly filed and with reasonable explanation for the delay.

Finally, Wells Fargo has pled a meritorious defense in support of their petition. "In order to satisfy the meritorious defense requirement, the defendant need only plead a defense which, if proved at trial, would justify relief." *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1152 (Pa. Super. 2009). In fact, Wells Fargo advances several defenses, all of which, if proven at trial, would justify a finding in their favor.

First, Wells Fargo argues that this quiet title action is barred by the principle of *res judicata*. The doctrine of *res judicata* prevents parties from litigating the same issue more than once. "For the doctrine of res judicata to prevail, there must be a concurrence of four conditions: 1) Identity in the thing sued upon; 2) Identity of the cause of action; 3) Identity of persons and parties to the action; and, 4) Identity of the quality or capacity of the parties suing or sued." *Stevenson v. Silverman*, 208 A.2d 786, 787-88 (Pa. 1965).

Here, Wells Fargo alleges that the quiet title complaint

should be barred by *res judicata*. The lender contends that the plaintiff's motion to intervene in the mortgage foreclosure case, which was denied by Judge Higgins and is currently on appeal to the Commonwealth Court, presented a substantially similar issue to that raised in this quiet title action. Both the petition to intervene and this quiet title action rest on the premise that when the Monroe County sheriff incorrectly issued Wells Fargo a deed following the 2010 sheriff's sale, the deed and mortgage merged. Wells Fargo became the owner of the property free and clear of the mortgage. Therefore, plaintiffs argue, when they purchased the property in the 2012 upset tax sale, the mortgage did not exist, and plaintiffs took ownership free and clear of Wells Fargo's first mortgage. Plaintiffs' motion to intervene was unsuccessful; judge Higgins denied the motion.

> When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, as between the parties to the suit *and their privies*, final and conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law adjudged as those facts and points of law relate directly to the cause of action in litigation.

*Stevenson*, 208 A.2d at 788. If Wells Fargo proves that the doctrine of *res judicata* bars this quiet title action, Wells Fargo would be entitled to relief. Therefore this defense is meritorious.

Next Wells Fargo alleges that plaintiffs purchased the property subject to Wells Fargo's lien on the Property. The Pennsylvania Tax Sale Law, 72 P.S. § 5860.601, *et seq.*, provides:

§5860.609. Nondivestiture of liens

Every such sale shall convey title to the property under and subject to the lien of every recorded obligation, claim, lien, estate, mortgage, ground rent and Commonwealth tax lien not included in the upset price with which said property may have or shall become charged or for which it may become liable.

72 P.S. § 5860.609. In other words, "[i]n an upset [tax] sale property is sold subject to all unpaid taxes, liens and costs." *Bell v. Berks County Tax Claim Bureau*, 832 A.2d 587, 589 n.3 (Pa. Cmwlth. 2003). Wells Fargo alleges that their mortgage was recorded properly in 2006, and has not been satisfied. The tax sale took place in 2012 and the tax sale title was under and subject to this outstanding mortgage. If these facts were proven true, Wells Fargo would be entitled to relief. Therefore, this too is a meritorious defense.

Finally, in the alternative, Wells Fargo argues that even if plaintiffs are correct and the mortgage merged with the erroneous sheriff's deed following the 2010 sheriff's sale, the 2010 tax sale was not valid because Wells Fargo was not given notice of the impending sale as required by the Real Estate Tax Sale Law, 72 P.S.§5860.601 *et seq.* (RETSL). Specifically, Wells Fargo contends that it was not given notice of the sale by certified mail as required by §602(e)(1), or first class mail as required by §602(e)(2) of the RETSL. "It is well established that notice provisions are to be strictly construed, and that strict compliance with such provisions is necessary to guard against deprivation of property without due process, and if any one is defective, the sale is void." *Ban v. Tax Claim Bureau of Washington County*, 698 A.2d 1386, 1388 (Pa. Cmwlth. 1997). If

Wells Fargo did not receive the required tax sale notices, the tax sale could be set aside. Therefore, this defense is also meritorious.

As Wells Fargo's petition to open was promptly filed and states meritorious defenses, the petition to open will be granted.

### ORDER

And now, this 9th day of December, 2013, upon consideration of Wells Fargo Bank's petition to open default judgment, it is ordered as follows:

1. The petition to open default judgment is granted and the default judgments entered on July 30, 2013, and July 31, 2013 are opened.

2. Defendant shall file its answer to the complaint within twenty days as required by the rules of civil procedure.